946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Laurie COOPER, Defendant-Appellant.
 No. 90-5551.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1991.
Decided Oct. 18, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-90-87)
 Argued: Michael Gary Nettles, Nettles, Turbeville & Reddeck, Lake City, S.C., for appellant; Mark C. Moore, Assistant United States Attorney, Columbia, S.C., for appellee.
 On Brief: E. Bart Daniel, United States Attorney, Columbia, S.C. for appellee.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER and NIEMEYER, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Laurie Cooper appeals from the order of the district court sentencing him to a 188-month term of imprisonment. He argues that the district court erred in not compelling the government to move for a downward departure for substantial assistance. We remand for a determination by the district court of whether, under the standard enunciated in United States v. Conner, 930 F.2d 1073 (4th Cir.1991), the government breached its plea agreement with Cooper. We find no merit in Cooper's argument that the district court erred in its determination of the amount of cocaine attributable to him.
 
 
 2
 Cooper entered into a plea agreement on April 24, 1990.[1] Cooper pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine and "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The government agreed to dismiss the other counts in the indictment. In addition, the agreement provided that the government would move for a downward departure for substantial assistance, pursuant to § 5K1.1 of the sentencing guidelines, if Cooper's cooperation was "deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense.[2] At the sentencing hearing, the government refused to move for a departure for substantial assistance. The district court stated, "I can't make a departure downward. The § 5K1.1 is solely the motion of the government. I can't institute a proceeding." The court held that it could not compel the government to move for a downward departure for substantial assistance. After conducting an extensive hearing, the court found that the government's position, that it had not acted in bad faith, was correct and did not compel the government to move for a downward departure. We have since held that bad faith is not the standard to be applied in such instances. United States v. Conner, 930 F.2d 1073 (4th Cir.1991).
 
 
 3
 Under the rule set forth in Conner, Cooper needs only to prove by a preponderance of the evidence that the government breached the agreement. 930 F.2d at 1076. "[T]o do this, he ha[s] to demonstrate that he provided the degree of assistance contemplated by the agreement." 930 F.2d at 1076. If Cooper can show by a preponderance of the evidence that the government breached the agreement then the district court must determine whether specific performance, other equitable relief, or plea withdrawal is called for. Therefore, we remand for the district court to determine whether the government breached the agreement and, if so, what remedy should be applied.
 
 
 4
 Cooper was assigned a base offense level of 36 because the conduct relevant to the conspiracy involved more than 50 kilograms of cocaine. U.S.S.G. § 2D1.1(b)(4). Cooper's argument that the district court erred in calculating the amount of cocaine attributable to him is without merit.[3] Specifically, he argues that the court erroneously included 60 grams of "crack" that were found by law enforcement officers, in November 1989, in a vehicle driven by him. He asserts that this amount should not be included because a state court acquitted him on a charge of possessing and trafficking relative to the 60 grams found. Also, he asserts that Carl Barfield's testimony was unreliable and the district court erred in assigning to him 7.5 ounces of "crack" and 2.5 ounces of cocaine based on Barfield's testimony.
 
 
 5
 Because the quantity of drugs went to the question of Cooper's sentence rather than to his guilt, the government only had to prove the quantity by a preponderance of the evidence. United States v. Powell, 886 F.2d 81, 85 (4th Cir.1989), cert. denied, 110 S.Ct. 1144 (1990). The district court's factual findings in determining the quantity of drugs must be affirmed unless clearly erroneous. United States v. Williams, 880 F.2d 804, 806 (4th Cir.1989). The district court properly determined Cooper's offense level by aggregating the entire quantity of drugs for which he was accountable in "the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).
 
 
 6
 Conduct for which a defendant has been acquitted may be used to enhance his sentence under the guidelines so long as the evidence is reliable. United States v. Isom, 886 F.2d 736 (4th Cir.1989). The district court heard testimony that Cooper consented to a search of the vehicle he was driving. He then attempted to conceal the coat from which the "crack" was later produced. When the officer found the drugs, Cooper fled the scene. Based on this evidence, we cannot say that the district court committed clear error in attributing the 60 grams of "crack" to Cooper.
 
 
 7
 In his testimony at the sentencing hearing, Carl Barfield had difficulty remembering exactly how much cocaine he had sold to or bought from Cooper. While he was unsure of the maximum amount he had sold to Cooper, he was positive that the minimum amount was ten ounces.[4] The court gave Cooper "the benefit of the doubt" (the pre-sentence report had 16 ounces received from Barfield) and only credited him with ten ounces from the testimony of Barfield. Relying on Barfield's testimony that he usually sold Cooper "crack" and that 25 percent of the cocaine sold to Cooper was not "crack," the district court attributed to Cooper 7.5 ounces of "crack" and 2.5 ounces of cocaine. The district court did not commit clear error in finding by a preponderance of the evidence that the transactions between Cooper and Barfield involved those amounts.
 
 
 8
 The district court conducted an extensive sentencing hearing and heard testimony on the amount of drugs involved. The judge saw the critical witnesses and heard them testify. The district court was not clearly erroneous in finding as a fact that Cooper's relevant conduct for sentencing purposes involved more than 50 kilograms of cocaine.
 
 
 9
 For the foregoing reasons, the order of the district court is affirmed as to the amount of drugs attributed to Cooper. As to the district court's refusal to require the government to bring a motion for a departure downward from the guidelines for substantial assistance, the sentence of the court is vacated and the case remanded for application of the Conner test. After that has been applied by the district court, it will resentence Cooper.
 
 
 10
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.
 
 
 
 [1]
 The April 24, 1990 plea agreement superseded a previous agreement entered into on January 19, 1990
 
 
 [2]
 The relevant paragraph of the plea agreement reads as follows:
 
 
 [15]
 Provided that the Defendant cooperates pursuant to the provisions of Paragraphs 12, 13 and 14 of this Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Guidelines, pursuant to 5K1.1 of those Guidelines
 
 
 [3]
 The court attributed the following to Cooper: 7.5 ounces of "crack" cocaine and 2.5 ounces of cocaine from transactions between Cooper and Carl Barfield; 3 grams of "crack" that Cooper sold to an undercover agent on January 20, 1989; 60 grams of "crack" found in a jacket in a vehicle Cooper was driving; 24.5 grams of "crack" from deals between Cooper and Abraham Tisdale; and 14 ounces of "crack" from another transaction with Tisdale. These amounts resulted in totals of 697.05 grams of "crack" and 70.875 grams of cocaine. For purposes of sentencing, one gram of "crack" cocaine is to be treated as one hundred grams of cocaine. U.S.S.G. § 2D1.1 (Drug Equivalency Tables). Therefore, approximately 69.7 kilograms of cocaine were attributed to Cooper
 
 
 [4]
 Barfield testified specifically about two transactions involving four ounces and six ounces. He said he remembered those quantities "because, you know, dealing in drugs, that would have been enough to remember." Barfield testified about other transactions but was unsure of the amounts involved