955 F.2d 43
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Edward WINSTEAD, Defendant-Appellant.
 No. 91-5616.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 3, 1992.
Decided Feb. 13, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia, No. CR-90-342-3, Falcon B. Hawkins, Chief District Judge.
 Darrell Thomas Johnson, Jr., Hardesville, S.C. for appellant.
 E. Bart Daniel, United States Attorney, John M. Barton, Assistant United States Attorney, Columbia, S.C. for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Daniel Edward Winstead pled guilty to extortion under color of official right (18 U.S.C. § 1951 (1988)) and witness tampering (18 U.S.C. (1988 & Supp.I 1989)), and appeals the sentence he received. We affirm.
 
 
 2
 Winstead's plea agreement provided that if he cooperated fully and the government believed that he had given substantial assistance, the government would move for a departure from the guideline sentence. See United States Sentencing Commission, Sentencing Guidelines, § 5K1.1 (Nov.1990). The government made a motion for a departure under section 5K1.1, but advised the court that, although Winstead provided useful information which contributed to the conviction of another defendant, he also repeatedly provided inaccurate information and had the worst attitude of anyone cooperating in the case. At the sentencing hearing, the prosecutor characterized his office's experience with Winstead as "unsatisfactory at best." The motion stated that, "because of his actions, a downward departure, if any, should be limited in nature."
 
 
 3
 Winstead did not contest the government's representations, but argued that he had simply gotten off to a bad start and the government refused to trust him thereafter. After hearing argument on the motion, the district court determined that Winstead's assistance had not been enough to warrant a departure.
 
 
 4
 On appeal, Winstead contends that the district court erred in failing to depart because he had provided substantial assistance and was thus entitled to the departure under the plea agreement. He also argues that the government's motion was actually a breach of the plea agreement because the government argued against departure while ostensibly requesting it.
 
 
 5
 A decision not to depart is not ordinarily reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990). However, when a plea agreement includes the government's promise to move for a departure for substantial assistance should the defendant provide it, and no motion is made, the district court may consider whether the government has breached the plea agreement. United States v. Conner, 930 F.2d 1073 (4th Cir.1991). The defendant has the burden of showing that he has indeed provided substantial assistance. Id. In this case, the evidence presented in the district court did not show that Winstead's cooperation had been so extensive that the district court was constrained to grant a departure. Even were we to take the view that the government's conduct in making the motion constituted a breach of the plea agreement, we could not say that the district court was clearly erroneous in its factual finding that Winstead had not given substantial assistance.
 
 
 6
 We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.