989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marsha Poore CRAWFORD, Defendant-Appellant.
 No. 92-5474.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-91-158-R)
 Marc James Small, Roanoke, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Marsha Poore Crawford entered a guilty plea to one count of conspiracy to possess cocaine with intent to distribute and to distribute cocaine (21 U.S.C.A. § 846 (West Supp. 1992)). She contends on appeal that the district court should have granted her a downward departure for substantial assistance under guideline section 5K1.1 or 5K2.0[1] although the government did not move for a substantial assistance departure. She further alleges that the government's failure to make use of information she did provide violated her due process rights. We affirm.
 
 
 2
 Crawford's oral plea agreement, made the morning of her trial, provided that the government would ask for a section 5K1.1 departure if she were able to provide substantial assistance.[2] Crawford accordingly remained at liberty after her guilty plea in January 1992. Her sentencing was continued for three weeks in May 1992 to allow her additional time to render assistance. At her June 17, 1992, sentencing, the government did not move for a departure.
 
 
 3
 Crawford and her boyfriend, Steve Mavilia, testified at sentencing about her efforts to provide assistance and his efforts to help her. At one point the government agreed to credit Crawford with information offered by Mavilia; however, Mavilia had recently been paroled in New Jersey and his conditions of parole prevented him from working as an informant. The drug task force agents in Virginia were willing to request a change in Mavilia's parole conditions, but were unable to get their superiors' approval for such a request to authorities in New Jersey.
 
 
 4
 Thus, Crawford had to rely on her own knowledge and efforts. At the sentencing hearing, she explained what types of information she had provided, and said that the agents had occasionally not returned her calls, although she was clearly in frequent contact with them. An agent from the Federal Bureau of Investigation testified that she had been unwilling until just before sentencing to give any information about people she knew, and had not complied with his directions about setting up controlled buys. He confirmed that she had provided information about local drug dealers, but said it had not been useful. A state task force agent also testified and further explained that some lead time was necessary for Crawford to make a controlled buy because no female agents were available to assist on short notice, and that Crawford apparently was unable to provide any advance notice. He also testified that no arrests had been made as a result of any information provided by Crawford or Mavilia.
 
 
 5
 The district court found that Crawford had not shown by a preponderance of the evidence that she had provided substantial assistance. We review this factual finding for clear error. United States v. Conner, 930 F.2d 1073, 1076-77 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991). On the facts presented, we cannot say that the finding was clearly erroneous. Furthermore, we find that Crawford was not denied due process. She had the opportunity to render substantial assistance and the opportunity to demonstrate to the court that she had complied with the terms of her agreement.
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 The government concedes that this specific promise was a part of the plea agreement