993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Paul SHUMAN, Defendant-Appellant.
 No. 92-5261.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 11, 1992
Decided: May 3, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-91-88)
 David J. Sims, YAHN & SIMS, Wheeling, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 Affirmed.
 Before WIDENER and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Paul Shuman pled guilty to conspiracy to possess marijuana with intent to distribute and to distribute marijuana in violation of 21 U.S.C.A. § 846 (West Supp. 1992). He appeals his sentence, alleging that the district court erred in finding that the government had not promised to move for a substantial assistance departure pursuant to sentencing guideline section 5K1.1,* and in denying his motion to compel the government to file a substantial assistance motion. We affirm the sentence.
 
 
 2
 On the night of his arrest, Shuman assisted authorities in apprehending his co-conspirators. Nonetheless, he entered a plea of not guilty. During negotiations for a guilty plea, the parties discussed the possibility of a substantial assistance motion being made. However, the plea agreement under which Shuman eventually pled guilty did not contain a promise that the government would file a section 5K1.1 motion. The agreement provided, and Shuman represented at his plea hearing, that plea agreement was the whole agreement between him and the government, and that he was not relying on any other promise in entering his plea.
 
 
 3
 Shuman's first sentencing hearing was continued at the request of the government because approval for a substantial assistance motion which the government expected to file had not yet been obtained. Shortly afterward, Shuman alleged that he was assaulted in his home by an undercover officer who had participated in his arrest. An investigation of the alleged incident, including a polygraph examination, led the government to conclude that Shuman's account was not truthful. At the second sentencing hearing, the government declined to file a substantial assistance motion. Shuman sought to compel the government to file the motion, arguing that he had entered his guilty plea in reliance on the government's promise to make the motion.
 
 
 4
 While the facts are in dispute regarding whether the government made an oral promise to move for a substantial assistance departure, we find, in this case, that the district court did not commit clear error in finding that no promise was made. See United States v. Connor, 930 F.2d 1073, 1075-76 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991). Moreover, we note that Shuman has not alleged that the government had any unconstitutional motive for declining to file the motion. See Wade v. United States, 60 U.S.L.W. 4389 (U.S. 1992). Accordingly, Shuman is not entitled to relief.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)