**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas Tyson CONNER,
Defendant–Appellant.**

**No. 90–5012.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1990.

Decided April 18, 1991.

**1074**

Rodney Shelton Toth, Charlotte, N.C., for defendant-appellant.

Robert James Conrad, Jr., Asst. U.S. Atty., Charlotte, N.C., argued (Thomas J. Ashcraft, U.S. Atty., David Alan Graham, Asst. U.S. Atty., Charlotte, N.C., for plaintiff-appellee.

Before HALL and NIEMEYER, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

K.K. HALL, Circuit Judge:

Thomas Tyson Conner was convicted, pursuant to a plea of guilty, of an attempt to possess with intent to distribute 300 pounds of marijuana, in violation of 21 U.S.C. §§ 841(a) and 846. He received the statutory minimum sentence of sixty months. He appeals both the judgment of conviction and the sentence. Finding no error, we affirm.

## I.

Conner was indicted on two counts involving illegal drugs. Under a plea agreement, he pleaded guilty to one count, and, in return, a conspiracy count was dismissed. The plea agreement also contained the following promises:

3. The defendant agrees to provide truthful information about any and all criminal activity within his knowledge to any government agent or agency designated by the United States....

5. Concerning Mr. Conner's punishment, the United States agrees to inform the Court concerning the extent of Mr. Conner's substantial assistance in the investigation and prosecution of other persons who have committed criminal offenses. Should Mr. Conner provide substantial assistance in this regard, then the United States will recommend to the Court that any active sentence imposed by the Court against Mr. Conner should not exceed thirty months.

In the presentence report, the probation officer calculated Conner's guideline range to be 33–41 months,[1] but with an overriding statutory minimum of sixty months under 21 U.S.C. § 841(b)(1)(B)(vii).

At the sentencing hearing, one of the federal agents who had debriefed Conner testified that, in his opinion, Conner was not truthful regarding his involvement in the drug conspiracy. Conner did not testify during the hearing although the district court extended to the defense the opportunity to put on evidence. Neither did he raise the matter of assistance in his objections to the presentence report. No other evidence regarding Conner's cooperation was introduced.

The government then informed the court that no substantial assistance motion under U.S.S.G. § 5K1.1 would be made. Conner's counsel argued that his client had told the authorities everything he knew and, therefore, that the government had breached the plea agreement by refusing to make a substantial assistance motion. The district court found that Conner had not complied with the agreement and that the government had. Accordingly, the guilty plea was accepted, and Conner was sentenced to the five-year statutory minimum. Conner appeals.

## II.

On appeal, Conner contends that the district court erred in ruling that he, not the government, breached the plea agreement. The government adopts the absolute posi-

---

**1.** This range was calculated as follows: from a base offense level of 26 (U.S.S.G. § 2D1.1(c)) was subtracted 4 for minimal participation (U.S.S.G. § 3B1.2(a)) and 2 for acceptance of responsibility (U.S.S.G. § 3E1.1(a)). Conner's criminal history category was I.

tion that the court, absent a § 5K1.1 motion by the government, had no authority to depart on substantial assistance grounds regardless of the court's findings regarding the plea agreement. Although we affirm the conviction and sentence, we do so on a different basis than that urged upon us by the government.

■ The government relies heavily on *United States v. François*, 889 F.2d 1341 (4th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990). *François* held that a downward departure under § 5K1.1 must be initiated by a government motion. However, *François* is distinguishable inasmuch as it did not involve a government agreement to make such a motion in return for "substantial assistance." Such an agreement places Conner's case on a different footing.

There is no consensus among the courts of appeal about when a substantial assistance departure may be made in the absence of a government motion, although many have intimated that the motion requirement is not absolute. *See United States v. Justice*, 877 F.2d 664, 668–69 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989) ("in an appropriate case the district court may be empowered to grant a departure notwithstanding the government's refusal to motion the sentencing court if the defendant can establish the fact of his substantial assistance...."); *United States v. White*, 869 F.2d 822, 829 (5th Cir.), *cert. denied,* 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989) (§ 5K1.1 "obviously does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize ... substantial assistance."); *United States v. Lewis*, 896 F.2d 246, 249 (7th Cir.1990) ("where the prosecutor has promised to make a § 5K1.1 motion, and the defendant has relied on that promise, the defendant will have recourse in the court if the government breaks that promise."); *United States v. LaGuardia*, 902 F.2d 1010, 1016 (1st Cir.1990) ("[A] defendant has the right to reserve his assistance unless the government, by plea agreement, commits to seeking a down-ward departure."); *United States v. Havener*, 905 F.2d 3, 8 (1st Cir.1990) ("We can find no legal basis for requiring the government to make a § 5K1.1 motion when it did not promise explicitly (nor does the plea bargaining language promise explicitly) to do so...."). In the context of plea agreements, courts have readily acknowledged that the courts are not powerless in the face of a breach of a plea agreement by the government. *United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990) (in event of government breach, defendant may seek specific performance of the agreement or withdrawal of a guilty plea); *United States v. Huerta*, 878 F.2d 89, 93 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990) (defendant has remedies for breach, *citing Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). A plea agreement to make a § 5K1.1 motion in return for assistance has not yet been addressed by this Court since the inception of the Guidelines in 1987.

■ The Fourth Circuit, as has every circuit that has been faced with this issue, has upheld § 5K1.1 against various constitutional attacks. *See François*, 889 F.2d at 1344; *United States v. Harrison*, 918 F.2d 30, 33 (5th Cir.1990) (collecting cases). However, once the government uses its § 5K1.1 discretion as a bargaining chip in the plea negotiation process, that discretion is circumscribed by the terms of the agreement. The task of the trial court is to determine if the government has in fact agreed to make the motion in return for substantial assistance, and, if so, whether the defendant has satisfied his contractual obligations. A closer look at the facts surrounding Conner's agreement convinces us that the district court correctly denied relief.

The plea agreement bound Conner to plead guilty to one count, to "provide truthful information about any and all criminal activity within his knowledge ...," to testify whenever requested to do so by the government, to forfeit all money and other valuables connected with his crimes, and to provide information regarding money and

other valuables used in connection with criminal acts. The government promised, *inter alia,* to inform the court of the extent of Conner's assistance and, should "substantial assistance in this regard" be provided, to recommend that the court impose no more than a thirty-month active sentence. This promise is the equivalent of a promise to make a § 5K1.1 motion.[2] The statutory minimum for the offense to which Conner agreed to plead guilty is sixty months, so the only means by which the sentence could be reduced below such minimum would have been pursuant to § 5K1.1. See 18 U.S.C. § 3553(e).

Only a single witness, a DEA agent, testified at the sentencing hearing. This witness was permitted, over Conner's objection, to give his opinion that Conner was less than forthright in detailing his participation in the conspiracy, which was the subject of an 89–count, 23–defendant indictment. The agent also stated that the other officers involved believed as he did. The agent testified that Conner had refused to identify the person to whom Conner had delivered forty pounds of marijuana. Further, the agent stated that Conner had refused to acknowledge that certain lists found at his home were actually records of drug buyers; although Conner had told the agent that these were lists of babysitters to whom he and his wife owed money, he was unable to identify any babysitters by the initials on the lists.

After the government stated that it would not make a § 5K1.1 motion, Conner argued that the plea agreement had been breached and, therefore, he should be allowed to withdraw his plea. Noting that he had "nothing to go on but the testimony here today," the district judge found that Conner had "not given the assistance which he was supposed to give under the plea agreement." The court proceeded to impose the statutory minimum sentence of five years.

■ In *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971), the Supreme Court stated that

"when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Where the bargain represented by the plea agreement is frustrated, the district court is best positioned to determine whether specific performance, other equitable relief, or plea withdrawal is called for. *United States v. Jureidini,* 846 F.2d 964, 965–66 (4th Cir. 1988); *see also United States v. Kurkculer,* 918 F.2d 295 (1st Cir.1990) (discussing remedies for government breach). We perceive no reason why this same principle should not apply with respect to a conditional promise to make a § 5K1.1 motion. *See United States v. Nelson,* 744 F.Supp. 143, 147–48 (E.D.Ky.1990) (defendant may file motion to compel specific performance of promise to make a § 5K1.1 motion) (dicta).

■ Drawing largely on the law of contracts in the commercial context, the courts have developed a fairly large body of law to guide the judicial interpretation of plea agreements. *See United States v. Harvey,* 791 F.2d 294 (4th Cir.1986); *United States v. Khan,* 920 F.2d 1100, 1105 (2d Cir.1990). Conner, as the party alleging a breach, had the burden of proving, by a preponderance of the evidence, that the government breached the agreement; to do this, he had to demonstrate that he provided the degree of assistance contemplated by the agreement. *See United States v. Urrego-Linares,* 879 F.2d 1234, 1238 (4th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 346, 107 L.Ed.2d 334 (1989) (defendant bears burden of proof to establish any factors which would potentially reduce the sentence); *see also Young v. United States,* 747 F.Supp. 305, 308 (E.D.N.C.1990). This question of fact is subject to review under a "clearly erroneous" standard. *See United States v. Paden,* 908 F.2d 1229, 1234 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 710, 112 L.Ed.2d 699 (1991). The agent's testimony, despite being largely composed of opinion and hearsay, was the only evidence

---

**2.** In the presentence report, the probation officer noted that the government agreement to

recommend a 30–month sentence would be "pursuant to 5K1.1."

the sentencing court had before it. We are not convinced that the sentencing court committed clear error in concluding, as a factual matter, that Conner did not live up to his end of the bargain.

AFFIRMED.