941 F.2d 1207
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Toney Alexander CHARLES, Defendant-Appellant.
 No. 90-5509.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 3, 1991.
Decided Aug. 16, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-89-269-G)
 Lawrence Jay Fine, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 VACATED AND REMANDED.
 Before K.K. HALL, SPROUSE and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Toney Charles appeals the ten-year mandatory minimum sentence he received on his guilty plea to conspiracy to distribute cocaine base, or crack (21 U.S.C. § 846). He maintains, first, that the district court erred by not holding a hearing to explore his allegation that the government arbitrarily refused to move for a downward departure for substantial assistance and, second, that the district court should have departed without a motion from the government.
 
 
 2
 Charles's plea agreement obligated him to testify truthfully at any trials or other proceedings designated by the government. The government, in turn, agreed to advise the sentencing court of the extent of Charles's cooperation and to move for a downward departure for substantial assistance under U.S.S.G. § 5K1.1 if Charles indeed provided substantial assistance.
 
 
 3
 At sentencing, the government failed to move for a departure for substantial assistance and Charles requested that the district court depart without the § 5K1.1 motion or compel the government to file the motion. Charles alleged that he had given substantial assistance in that he had confessed his own involvement in the offense and given information about his co-defendants. Defense counsel appeared to concede that: Charles had initially concealed the involvement of his girlfriend, Rebecca Stubblefield, who was prosecuted separately; the government chose not to call Charles as a witness at the Stubblefield trial, although two of his co-defendants testified, because he was believed to have made threats against Ms. Stubblefield; and the information Charles provided to authorities was inconsistent in some respects with information given by his co-defendants. He argued that, in finding his co-defendants' version more credible, the government was acting arbitrarily.
 
 
 4
 The district court determined that Charles was not alleging bad faith on the part of the government. The court then refused to compel the motion or to depart downward without it. Charles argues that he should have been afforded an opportunity to show that he had provided substantial assistance.
 
 
 5
 In decisions made subsequent to Charles's sentencing, this Court has held that, when a plea agreement obligates the government to move for a departure if the defendant provides substantial assistance, the resolution of the dispute will be governed by principles of contract law, and if a breach is found the district court may require specific performance or permit the plea to be withdrawn. United States v. Conner, 930 F.2d 1073 (4th Cir.1991); United States v. Daniels, 929 F.2d 128 (4th Cir.1991); United States v. Wade, --- F.2d ----, No. 905805 (4th Cir. June 12, 1990). Because the district court did not apply these principles in determining whether the plea agreement was breached, resentencing is required.
 
 
 6
 We therefore vacate the judgment of the district court and remand for a determination whether the government breached the plea agreement by failing to make a § 5K1.1 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.