946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrol SPRUELL, Defendant-Appellant.
 No. 91-6052.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 11, 1991.
Decided Oct. 7, 1991.
As Amended Oct. 24, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CR-89-67-R)
 Raymond A. Carpenter, Charles C. Cosby, Jr., Boone, Beale, Carpenter & Cosby, Richmond, Va., for appellant.
 Henry E. Hudson, United States Attorney, William G. Otis, Senior Litigation Counsel, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Terrol Spruell appeals the district court's denial of his motion for sentence reduction and for specific performance of his plea agreement. Having pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a), Spruell was sentenced to thirty years imprisonment. He complains here that the government breached its plea agreement by failing to move for a departure pursuant to section 5K1.1 of the sentencing guidelines and that the district court erred when it denied his motion for sentence reduction and for specific performance of the plea agreement. We affirm.
 
 
 2
 This Court reviews a district court's factual determination that the government has not breached a plea agreement under a "clearly erroneous" standard. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.1991). As the party alleging a breach of the plea agreement, Spruell had the burden of proving, by a preponderance of the evidence, that the government breached the agreement. Id. The district court correctly held that Spruell did not meet his burden.
 
 
 3
 Spruell argues that this case is controlled by Santobello v. New York, 404 U.S. 257 (1971). He asserts that here, as in Santobello, the defendant reached an agreement with the prosecutor, complied with the terms of the plea bargain to the satisfaction of the prosecutor, and that a third party, not a party to the original bargain, then breached the agreement.
 
 
 4
 Here, the Assistant United States Attorney (AUSA) who prosecuted Spruell filed a report with the substantial assistance committee in which he sought permission to file a motion pursuant to section 5K1.1 of the sentencing guidelines because Spruell in his view had provided substantial assistance. The committee denied the AUSA's request and its decision was confirmed by the United States Attorney.
 
 
 5
 Based on these facts, Spruell's argument that the agreement was breached has no merit. His effort to limit the exercise of discretion to the Assistant United States Attorney alone is fruitless; the agreement explicitly assigned that discretion to the government.
 
 
 6
 The district court also correctly held that, in the absence of a governmental breach of the plea agreement, the district court may consider a departure from the guidelines only upon motion of the government. United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1989); United States v. Conner, 930 F.2d 1073, 1075-76 (4th Cir.1991).
 
 
 7
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.