962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Osazee George IDUSUYI, Defendant-Appellant.
 No. 91-5280.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 7, 1992
Decided: May 7, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-90-166-K)
 ARGUED: Mark Anthon Van Bavel, WALKER & VAN BAVEL, P.A., Baltimore, Maryland, for Appellant.
 Robert Reeves Harding, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 ON BRIEF: Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, Circuit Judge, BUTZNER, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Osazee George Idusuyi pled guilty to one count of conspiracy to distribute, and to possess with intent to distribute, heroin in violation of 21 U.S.C. §§ 846 and 841 as part of a plea agreement. The agreement provided that the government would request the court to depart downward from the sentencing guidelines two levels pursuant to United States Sentencing Guideline § 3E1.1(a) for Idusuyi's acceptance of responsibility, two levels pursuant to U.S.S.G. § 3B1.2(b) because Idusuyi was a minor participant in the criminal activity, two levels pursuant to U.S.S.G. § 5K1.1 for Idusuyi's cooperation with respect to individuals named in the same indictment, and two levels pursuant to U.S.S.G. § 5K1.1 for his cooperation with respect to individuals not named in the indictment. The government also agreed to seek a sentence at the low end of the guideline range for the reduced level offense.
 
 
 2
 Idusuyi agreed to cooperate completely with the government and to testify truthfully before grand juries and at all trials where his testimony might be relevant. The agreement specified that if he in any way obstructed justice as defined in U.S.S.G. § 3C1.1 he could receive a two level increase in the applicable offense level. It also stated that the government could bring any failure by Idusuyi to fulfill his obligations under the agreement to the court's attention and that if such failure occurred the government would be released from its commitment to honor its obligations to Idusuyi.
 
 
 3
 Idusuyi committed perjury at the trial of two other defendants. The government then moved the district court to relieve it of its obligations under the plea agreement. At a hearing on the government's motion, Idusuyi claimed that he testified untruthfully because of threats made to his life by one of the defendants being tried. The court did not find this claim credible, specifically stating that Idusuyi had not proved that he had been threatened or was under duress. The court granted the government's motion.
 
 
 4
 At the sentencing hearing the court held that the base offense level was 36. It reduced this level by two for Idusuyi's limited role and by two more for his acceptance of responsibility. It imposed a two-level increase for obstruction of justice.
 
 
 5
 Idusuyi claims on appeal that the district court erred in not crediting his testimony. He also claims that the court should not have analyzed the breach in terms of duress. Rather, he claims it should have applied contract principles to find that the government made compliance with the plea agreement impossible by not providing Idusuyi with protection. Idusuyi also claims that he should have had the opportunity to cure his breach.
 
 
 6
 The government must respect its promise to request downward departures to the same extent it must respect other promises made in plea agreements. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). The district court's findings concerning the alleged breach of a plea agreement are subject to review under a clearly erroneous standard. Conner, 930 F.2d at 1076. Credibility findings are subject to even greater deference than factual findings. Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). When reviewing a sentencing decision, "[t]he court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact ... unless they are clearly erroneous...." 18 U.S.C. § 3742(e).
 
 
 7
 The record supports the district court's finding that Idusuyi's testimony about threats was not credible. Idusuyi never approached enforcement officers about the alleged threats, and he testified consistently with an unusual defense that he claims not to have heard before his testimony. We therefore hold that the trial court's finding that no one threatened Idusuyi was not clearly erroneous. Consequently, there is no merit to Idusuyi's contention that the doctrine of impossibility of contract performance should apply.
 
 
 8
 We reject Idusuyi's contention that he should have been permitted to cure his breach. United States v. Packwood, 687 F. Supp. 471, 475 (N.D. Cal. 1987), required notice and opportunity to cure a breach where the defendant did not know his action was being treated as a breach. Idusuyi clearly knew that lying at trial was a breach of the plea agreement.
 
 
 9
 In sum, we find no error in either the district court's decision to relieve the government of its obligations under the plea agreement or the sentence that the court imposed.
 
 AFFIRMED