981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Edward RUTLAND, Defendant-Appellant.
 No. 92-5238.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Charles E. Simons, Jr., Senior District Judge. (CR-91-132-5)
 Jack B. Swerling, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, David J. Slattery, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Edward Rutland pled guilty to conspiracy to possess crack cocaine and cocaine powder with intent to distribute (21 U.S.C.A. § 846 (West Supp. 1992)), and to possession of a firearm during the commission of a drug trafficking crime (18 U.S.C.A.s 924(c) (West Supp. 1992)). He contends in this appeal that the district court erred in finding that he had not provided substantial assistance to the government and in declining to depart for that reason. We affirm.
 
 
 2
 Rutland's plea agreement provided that the government would move for a substantial assistance departure under guideline section 5K1.1* if Rutland cooperated and his cooperation was"deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense." Although Rutland gave some information about his sources in an interview following his plea, at the sentencing hearing, the government declined to move for a departure. Rutland, however, maintained that he had given substantial assistance and had not received the promised departure. The district court heard testimony from the case agent that the information Rutland had given about his sources had led nowhere, and no prosecutions were expected to result. The court then held that Rutland had not provided substantial assistance because the information he supplied was not actually helpful to the government, and that no departure was warranted.
 
 
 3
 Rutland argues here that the term "substantial" is ambiguous and should be construed favorably to him, that he could not be expected to do more than identify his suppliers, and that the agreement did not require a successful prosecution to result in order to establish substantial assistance.
 
 
 4
 When a plea agreement includes a promise by the government to move for a substantial assistance departure should the defendant provide it, and the government does not so move, the district court may consider whether the government has breached the plea agreement. The defendant, however, has the burden of demonstrating that he provided substantial assistance. We review the district court's factual finding in this respect under the clearly erroneous standard. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991). Here, the plea agreement specified that to earn a departure Rutland would have to give information which would be of considerable ("substantial") help in the investigation or prosecution of another person involved in the offense. The government agent testified that Rutland's information yielded no practical fruit. On these facts, we cannot say that the district court's determination was clearly erroneous.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)