995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Alice Jones DIAMOND, Defendant-Appellant.
 No. 92-5795.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 7, 1993.
Decided: June 18, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-92-4)
 Edward A. Fiorella, Jr., Harkey, Fletcher, Lambeth, Nystrom & Fiorella, Charlotte, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Kenneth D. Bell, Chief Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Alice Jones Diamond entered a guilty plea to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1992), and received a sentence of thirtytwo months. She appeals her sentence, alleging that the government breached the plea agreement by refusing to move for a downward departure for substantial assistance.* United States Sentencing Commission, Guidelines Manual (Nov. 1991). We affirm.
 
 
 2
 A confidential informant made two controlled buys of cocaine from Diamond. She was arrested on the way to the meeting place for a third sale. On the day of Diamond's arrest, the informant called her several times. Diamond repeatedly told the informant that she did not have the cocaine yet. About 6:30 p.m., she told the informant that her source was there and asked him to call back. Shortly afterward, a BMW was seen driving away from her house, and Diamond arranged for the sale to take place. The BMW was stopped and an ounce of cocaine was found in the pocket of one of the occupants. Diamond was also stopped in her car on the way to complete the sale. When she was removed from her car, two packages of cocaine totalling 83.2 grams fell out of her pantleg.
 
 
 3
 Diamond's plea agreement called for her to provide truthful information about any and all criminal activity of which she had knowledge, and the government promised to move for a substantial assistance departure if, in its sole discretion, it decided that she had given substantial assistance. Diamond first informed the government that the three controlled transactions were the only drug sales she had made. When confronted with the information given by the confidential informant, Diamond admitted she had dealt with him for about six months. She then identified a woman in New York as her only source.
 
 
 4
 Before the sentencing hearing, the government informed defense counsel that it would not move for a substantial assistance departure because it did not believe that Diamond had been truthful, and because, even if she had, her information did not amount to substantial assistance. Diamond did not allege in the district court that the government had breached the plea agreement in refusing to move for a departure. The district court sentenced her within the guideline range recommended by the probation officer.
 
 
 5
 On appeal, Diamond contends that the government's refusal to move for a departure showed a lack of good faith and constituted a breach of the plea agreement. Because this specific alleged error was not brought to the attention of the district court for resolution at the sentencing hearing, Diamond has forfeited all but plain error review of the issue. United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993). We find no plain error. Had she raised the issue, the information provided by Diamond was not such that the district court would have been constrained to find by a preponderance of the evidence that substantial assistance had been rendered and hence, that a breach of the plea agreement had occurred. See United States v. Conner, 930 F.2d 1073 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991).
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Although Diamond's plea agreement contained an express waiver of her right to appeal this issue, the materials presented in the joint appendix do not disclose whether the waiver was knowing and intelligent. United States v. Wessells, 936 F.2d 165 (4th Cir. 1991). Therefore, we have considered the merits of the appeal