8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Robert WALDRON, Defendant-Appellant.
 No. 93-5200.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1993.
Decided: October 20, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-92-69-G)
 William L. Osteen, Jr., Adams & Osteen, Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kenneth Robert Waldron appeals the sentence imposed by the district court on his guilty plea to possession of LSD* with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1993). He contends that the district court clearly erred in finding that he had not provided substantial assistance, and in finding that the government had not breached his oral plea agreement by refusing to file a motion for a departure for substantial assistance. United States Sentencing Commission, Guidelines Manual, § 5K1.1, p.s. (Nov. 1992). We affirm.
 
 
 2
 Waldron did not have a written plea agreement; however, at his Rule 11 hearing, the government acknowledged that it would, as a matter of course, file a section 5K1.1 motion if Waldron gave substantial assistance. The government attorney emphasized that even though Waldron began to cooperate fully upon his arrest, it did not seem at all likely that he would be able to provide substantial assistance, and the government did not anticipate that a section 5K1.1 motion would be filed.
 
 
 3
 When no motion for a departure was forthcoming, Waldron argued at sentencing that there had been a plea agreement (which the government disputed), that the government had committed itself to request a substantial assistance departure if Waldron cooperated to the extent of his ability, that he had done so, and that the government had breached the agreement by refusing to file a section 5K1.1 motion. After hearing testimony from defense counsel, the government attorney, and the case agent, the district court determined that Waldron had not given substantial assistance, and that as a result there had been no breach of any agreement between the parties.
 
 
 4
 Under United States v. Conner, 930 F.2d 1073 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991), when the government promises to make a section 5K1.1 motion in return for substantial assistance, and then fails to file the motion, the defendant may seek to compel the government to file the motion. Conner, 930 F.2d at 1076. However, the defendant bears the burden of showing that he did indeed provide substantial assistance. Id. The district court makes a factual finding as to whether his assistance was substantial, which is reviewed for clear error. Id. Because the case agent testified that the information Waldron was able to give him was not helpful, the district court was not clearly erroneous in finding that Waldron did not render substantial assistance, and that the government had not breached an oral plea agreement.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Lysergic acid diethylamide