21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy LINDSEY, Defendant-Appellant.
 No. 93-5663.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 17, 1994.
Decided: April 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-93-53)
 John A. Dusenbury, Jr., Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Rudolph A. Renfer, United States Attorney, Jane H. Jolly, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tommy Lindsey entered a guilty plea to conspiracy to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1993), without a plea agreement. He received a sentence of sixty months. He appeals his sentence, contending that the district court erred in finding unenforceable a post-plea verbal agreement for a substantial assistance motion,* and in denying him a minor role adjustment under U.S.S.G. Sec. 3B1.2(b). We affirm.
 
 
 2
 Lindsey was present when his good friend, J.R. Patterson, made a deal with a confidential informant to buy about a kilogram of cocaine. In the next few days, Patterson made several monitored phone calls regarding the sale, and agreed to pay $30,000 for 1.5 kilograms of cocaine. Patterson and Lindsey subsequently met with the informant and an undercover officer for breakfast at a restaurant. They discussed future drug deals, and Patterson handed over $30,000, of which Lindsey had contributed $3000. He and Lindsey were then arrested.
 
 
 3
 In May 1993, Lindsey entered his guilty plea. In July 1993, after he learned that Patterson intended to plead not guilty and raise an entrapment defense, Lindsey offered to testify against Patterson. The government attorney interviewed Lindsey and agreed to make a substantial assistance motion in Lindsey's case in return for his truthful testimony at Patterson's trial. Although Lindsey did testify against Patterson, he did not testify as expected, and the government attorney did not move for a substantial assistance departure. When Lindsey attempted to enforce the promise for a section 5K1.1 motion, the district court held that there was no enforceable agreement.
 
 
 4
 We find no error in the district court's ruling. When a government promise for a section 5K1.1 motion induces a defendant's guilty plea, the defendant may enforce the agreement if he renders substantial assistance and the government breaches the agreement by failing to make the motion. United States v. Conner, 930 F.2d 1073, 1077 (4th Cir.) (citing Santobello v. New York, 404 U.S. 257, 262 (1971)), cert. denied, 60 U.S.L.W. 3359 (U.S.1991). Because Lindsey entered his guilty plea without a plea agreement, Conner does not apply. In the absence of a plea agreement, a defendant who renders substantial assistance and does not receive a substantial assistance motion has a remedy only if the government refused to make the motion for some unconstitutional reason. Wade v. United States, 60 U.S.L.W. 4389, 4390 (U.S.1992). Lindsey does not allege any unconstitutional motive on the part of the government. It is clear from the record that the motion was not made because the government firmly believed that Lindsey had not kept his part of the bargain by testifying truthfully.
 
 
 5
 The district court's determination as to whether the defendant had a minor role in the offense is essentially a factual question reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). A minor participant is one who is less culpable than most other participants, but not a minimal participant. U.S.S.G. Sec. 3B1.2, comment. (n.3). Lindsey was present when the cocaine deal was negotiated, he contributed $3000 toward the purchase price of the cocaine, and he participated in a discussion of future deals and in the attempted purchase of the cocaine. On these facts, we cannot say that the district court clearly erred in finding that he was no less culpable than Patterson.
 
 
 6
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1992)