36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Lynn LANKFORD, Defendant-Appellant.
 No. 93-7010.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 26, 1994.
Decided: Oct. 3, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Graham C. Mullen, District Judge. (CR-91-52-ST-MU)
 Janice A. Singer, Atlanta, GA, for appellant. Mark T. Calloway, U.S. Atty., Kenneth D. Bell, First Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and MOTZ,
 Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Terry Lynn Lankford appeals from a district court order that denied his "Motion for Specific Performance of Plea Agreement." Because we find that the Government did not breach the plea agreement when it did not move for a downward departure for substantial assistance under U.S.S.G. Sec. 5K1.1,* we affirm.
 
 
 2
 Lankford pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute and distribution of over 100 kilograms of marijuana (21 U.S.C. Secs. 841(a)(1), 846 (1988)) and possession of a firearm in relation to a drug trafficking crime. (18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994)). The plea agreement contained a lengthy provision concerning downward departure for substantial assistance to the government under Sec. 5K1.1. The agreement stated that Appellant agreed to provide "truthful information about any and all criminal activity within his knowledge to government agents" and that when such assistance was completed the Government "in good faith and in its sole discretion" would determine if such assistance was "substantial." If the Government deemed the evidence substantial, it would "make a motion for a downward departure pursuant to Sec. 5K1.1 of the Sentencing Guidelines or Federal Rule of Criminal Procedure 35 as appropriate." The agreement continued that any determination that Appellant failed to provide substantial assistance was "within the sole discretion of the United States" and that Appellant waived "all objections and rights to appeal based upon such a determination."
 
 
 3
 The court held a thorough guilty plea hearing pursuant to Fed.R.Crim.P. 11, and determined that the plea was voluntarily entered and that Lankford understood its terms. The court later sentenced Lankford in June 1992 to thirty-three months incarceration on the first count and five years on the second count to run consecutively. The Government did not make a motion for a reduction in sentence for substantial assistance, and Lankford did not appeal. Lankford filed his "Motion for Specific Performance of Plea Agreement" in May 1993. After holding a hearing in August 1993, the court determined that the Government had neither breached the agreement nor frustrated Appellant's attempts to render substantial assistance.
 
 
 4
 Lankford was arrested in the course of a DEA "reverse undercover" sting operation by DEA Agent Boone ("Boone"). Boone testified at the hearing on Lankford's motion that an informant stated there was a "money man" involved with Lankford, but he did not know his identity. Upon his arrest, Lankford gave Boone "scant information" about the purported "money man." He stated that the person's name was "Vince" and that he drove a blue vehicle; he also gave a "very vague description." Lankford's pager went off a few times during his interrogation with DEA agents; Lankford stated that the person calling was his girlfriend. Suspecting that the caller was the "money man," the agents traced the call and eventually arrested Vince Harrelson, a co-defendant who led agents to other sources of marijuana. Boone testified that he effected Harrelson's arrest through his own investigation and initiative and not from any assistance from Appellant.
 
 
 5
 A court may not consider a downward departure based on substantial assistance except upon a motion made by the government within one year of sentencing. Fed.R.Crim.P. 35(b). If a plea agreement promises that such a motion will be filed in return for substantial assistance, the court may inquire into possible breach of the agreement if no such motion is filed. United States v. Conner, 930 F.2d 1073, 1075 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991). The court must ascertain if the government in fact agreed to make the motion in return for substantial assistance and whether the defendant has satisfied his contractual obligations under the agreement. Id.
 
 
 6
 In order to support his claim, Lankford must establish by a preponderance of the evidence that the Government breached the agreement; to do so, he must demonstrate that he provided the degree of assistance contemplated by the agreement. Conner, 930 F.2d at 1076. This question of fact is subject to review under a clearly erroneous standard. Id. "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." U.S.S.G. Sec. 5K1.1, comment. (n.3).
 
 
 7
 Lankford asserts that he fully complied with every aspect of the plea agreement and that most of his attempts to provide substantial assistance were frustrated because DEA agents were rarely available to talk with him. He continues that the refusal to suspend his electronic monitoring while he was on home release limited his ability to obtain information undercover concerning an alleged steroid dealer. Boone testified, however, that Lankford was not receptive to his suggestion that he introduce an undercover DEA agent to the dealer.
 
 
 8
 Lankford's brother relayed information to Boone regarding the shipment of large sums of money via UPS, but an IRS investigation into the subject had begun six months earlier. Lankford's girlfriend also contacted Boone and offered information concerning marijuana suppliers in Chicago, but Boone testified that the information led to "no viable leads."
 
 
 9
 Lankford himself never testified in any criminal proceeding against any individual and never provided any information that led to the arrest of another person for commission of a crime. Thus, the Government did not breach the plea agreement by declining to move for a downward departure for substantial assistance and the district court's finding that there were no grounds for departure was not clearly erroneous. We therefore affirm the district court's order. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1991)