UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 95-5378
(CR-94-53-BO)

---

United States of America,

Plaintiff - Appellee,

versus

Earnest Thomas,

Defendant - Appellant.

---

O R D E R

---

The Court amends its opinion filed March 11, 1996, as follows:

On page 4, second full paragraph, lines 10-11 -- the quotation marks around the phrase "a right he specifically waived" are deleted; the phrase should be set off by dashes.

For the Court - By Direction

/s/ Bert M. Montague

---

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5378

EARNEST THOMAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-94-53-BO)

Submitted: January 30, 1996

Decided: March 11, 1996

Before ERVIN, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Laura J. Wetsch, JORDAN, PRICE, WALL, GRAY & JONES,
L.L.P., Raleigh, North Carolina, for Appellant. Janice McKenzie
Cole, United States Attorney, William Arthur Webb, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Earnest Thomas seeks to appeal the 360-month sentence he received after he pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1995). The government has moved to dismiss the appeal because Thomas waived the right to appeal his sentence as long as he was sentenced within the guideline range. Thomas contends that the government breached the plea agreement by arguing for an upward departure at the sentencing hearing and that the breach releases him from his promise not to appeal. For reasons explained below, we grant the government's motion and dismiss the appeal.

The waiver provision was discussed at the Fed. R. Crim. P. 11 hearing before Thomas entered his guilty plea, and the record discloses that the waiver was knowing and voluntary. Thomas also agreed to cooperate fully and to take a polygraph examination if requested. The government stipulated in the plea agreement that "[n]one of the factors listed in U.S.S.G. §§ 5K2.0 through 5K2.14 are applicable to warrant an upward . . . departure from the Guideline range." The government reserved the right to argue for a departure "if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors."

Thomas subsequently failed the polygraph examination. He gave deceptive answers when he denied selling crack prior to July 1993, receiving cocaine from any member of Lance Morrison's organization, selling cocaine from his home, or giving cocaine to his children. Shortly afterward, Thomas minimized his involvement in the conspiracy in a written statement to the probation officer, denying conduct which had been described by other conspirators. In its sentencing memorandum, the government moved for an upward departure under USSG § 5K2.0 on the ground that Thomas had involved his children in drug trafficking, and also argued that Thomas should receive an adjustment for obstruction of justice because the false information he provided impeded an ongoing investigation.

At Thomas's sentencing hearing, the district court determined that Thomas had obstructed justice by lying during the polygraph exami-

2

nation and by intimidating potential witnesses against him. The government then withdrew its motion for an upward departure. With the two-level adjustment for obstruction of justice, Thomas's offense level was 40; he was in criminal history category I, making his guideline range 292-365 months. A sentence of 360 months was imposed.

Thomas appealed his sentence, arguing that the district court clearly erred in enhancing his sentence for obstruction of justice and refusing him an adjustment for acceptance of responsibility. The government has moved to dismiss, relying on the waiver provision in the plea agreement. In reply, Thomas maintains that the government breached the plea agreement by moving for an upward departure and that, as a result, he is no longer bound by the waiver provision. The government argues in response that no breach occurred because Thomas's failure to cooperate truthfully created a changed circumstance which permitted a motion for an upward departure.

Breach of Plea Agreement

Because Thomas did not claim in the district court that the plea agreement had been breached, the sentence must be affirmed unless plain error occurred. United States v. Fant, 974 F.2d 559, 564-65 (4th Cir. 1992). The plea agreement stated that "if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors [the factors listed in USSG §§ 5K2.0-5K2.14], the Government is no longer bound to its position as to those factors." (emphasis added). Thomas's failure to give truthful answers on the polygraph test and failure to cooperate fully did not result in any change with respect to the factors listed in USSG §§ 5K2.0-5K2.14. The government had knowledge before Thomas pled guilty that his oldest son, Justin Hawkins, was selling crack and that his younger children had witnessed his drug trafficking in their home. Even though the government possessed this information, it stipulated in the agreement that there were no factors warranting a departure. Thomas's refusal to be truthful and to cooperate does not change the circumstances with respect to a departure based on his children's involvement in crime. Rather, it is a factor which is adequately considered under the guidelines for acceptance of responsibility and obstruction of justice. Therefore, the record discloses that the govern-

3

ment breached the plea agreement by moving for an upward departure.

Enforcement of Waiver Provision

A prosecutor's breach of a plea agreement may amount to plain error which requires resentencing. Fant, 974 F.2d at 565. In United States v. Gonzalez, 16 F.3d 985, 988-90 (9th Cir. 1993), on which Thomas relies, the government agreed not to oppose an acceptance of responsibility adjustment but argued against the adjustment at sentencing and convinced the court not to grant it. The appeals court found that the government's breach of the plea agreement released Gonzalez from his promise not to appeal.

This court has held that, when the bargain contained in the plea agreement is unfulfilled, the district court should decide whether specific performance, plea withdrawal, or other equitable relief is the best remedy for a government breach of the plea agreement. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991). However, in this case, the government's motion for a departure was withdrawn at sentencing, and the district court imposed a sentence within the guideline range. Consequently, Thomas received the benefit of his bargain, and he has had specific performance. He seeks to appeal the court's determination of the guideline range -- a right he specifically waived -- and its decision not to depart below the guideline range. The government's breach of the agreement had no bearing on the decisions Thomas seeks to appeal. Therefore, while we do not condone the government's breach of the agreement, we find that the waiver provision was not nullified by the government's action.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4