**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                     No. 95-5688

NAPOLEON GOODSON, IV,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-93-471)

Submitted: July 30, 1996

Decided: August 12, 1996

Before WIDENER, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hammond A. Beale, Columbia, South Carolina, for Appellant. Margaret B. Seymour, United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Napoleon Goodson, IV, was convicted of numerous fire-arms and drug distribution charges after entering into a plea agreement with the Government. After Goodson entered his plea, the Government administered a polygraph examination required by the agreement. However, the Government ended the exam after administering only two of the three parts of a complete exam, asserting that Goodson's scores established deception. The Government then refused to perform its obligations under the agreement on the basis that Goodson substantially breached the agreement by failing the exam. Goodson now appeals, claiming that the Government breached the agreement by failing to administer a complete polygraph examination. Finding no error, we affirm.

According to the plea agreement, the Government's obligations were "expressly contingent, however, upon the Defendant's passing the polygraph examination(s) to the Government's satisfaction." A polygraph examination consists of three parts: the pretest, the main test, and the post test. The pretest allows the examiner to explain to the subject the nature of the test and how it is conducted. The main test allows the examiner to actually question the subject and record scores indicating truthfulness and deceptiveness. The post test allows the examiner to question the subject about scores indicating deception and get the subject to confess.

The Government ended Goodson's test after administering the pretest and main test because the main test scores strongly indicated deception. Goodson claims the Government should have conducted the post test before deciding that he breached the plea agreement.

However, Goodson has not established the Government's breach by a preponderance of the evidence. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991). Both Goodson's and the Government's experts agreed that the post test portion of the exam has no bearing on the actual scores attained from the main test quantifying truthfulness and deceptiveness. The scores are attained solely from the main test. Further, the Government evi-

2

denced its good faith belief that Goodson was deceptive by introducing uncontested evidence that he lied to the Government both before and after the examination.

Accordingly, we affirm Goodson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3