UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5610

CHARLES EVERETT HASELDEN, a/k/a
Sonny,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-94-593)

Submitted: October 29, 1996

Decided: December 17, 1996

Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory P. Harris, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, David J. Slattery, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine. Pursuant to the plea agreement, the Government administered a polygraph examination prior to sentencing, which Appellant failed. Appellant also failed a second polygraph examination. The plea agreement further provided that if Appellant failed to fulfill any of his obligations under the agreement, including the promise to successfully complete a polygraph examination, the Government would, at its option, be relieved of any or all of its obligations under the agreement.

Both parties acknowledge that the Government assented in an oral agreement not to institute a civil in rem forfeiture action against Appellant's farm if Appellant complied with the terms of the written agreement. Appellant argues on appeal that the Government breached the terms of the oral plea agreement when it instituted the civil in rem forfeiture action against his farm. We hold that Appellant fails to establish by a preponderance of the evidence that the Government breached the plea agreement. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991). In fact, the Government's action was completely consistent with the terms of the agreements. Appellant promised to successfully complete a polygraph examination, and he failed to do so. Pursuant to the terms of the plea agreement, this relieved the Government of its promise not to institute a civil in rem forfeiture action against Appellant's farm.

Accordingly, we affirm Appellant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED