UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 00-4836

PAUL MONTGOMERY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-00-27)

Submitted: September 25, 2001

Decided: October 24, 2001

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Timothy M. Sirk, Keyser, West Virginia, for Appellant. Patrick M. Flatley, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Paul Montgomery was convicted pursuant to his guilty plea of distributing crack cocaine. On appeal, he alleges that the Government breached the terms of the plea agreement.[1] Finding no reversible error, we affirm.

Montgomery was arrested following a controlled buy of crack cocaine. His plea agreement with the Government provided in pertinent part that he would give grand jury and/or trial testimony as requested and pay the $100 special assessment on or before the day of sentencing. In exchange, the Government would agree to a reduction in Montgomery's base offense level for acceptance of responsibility and would recommend a sentence at the lower end of the applicable guidelines range. However, if Montgomery failed to pay the special assessment on time, obstructed justice, failed to cooperate as promised, or violated any other provision of the agreement, the Government was no longer bound to make the above sentencing recommendations.

At sentencing, the Government initially opposed a reduction for acceptance of responsibility, argued for an enhancement for obstruction of justice, and asked for a sentence at the upper end of the guidelines range. The evidence showed that Montgomery failed to appear when subpoenaed to testify before a grand jury,[2] tested positive for drug use while on pretrial release, could not be located for a period of time while on pretrial release, and failed to pay the special assessment at the time of sentencing. Although the Government later withdrew its objection to acceptance of responsibility, and the district court rejected the obstruction enhancement, the court nevertheless sentenced Montgomery at the upper end of the guidelines range.

---

[1]In light of our disposition of this case, we need not address Montgomery's concern that the Government might argue for an obstruction of justice enhancement upon remand.

[2]Montgomery later appeared before another grand jury.

Because Montgomery did not object to his sentence or allege breach at trial, we review his claim for plain error and find none. *United States v. Fant*, 974 F.2d 559, 562 (4th Cir. 1992). The burden is on Montgomery to show that the Government breached the terms of the plea agreement, and he has failed to meet this burden. *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). Under the express terms of the agreement, Montgomery's failure to testify before the grand jury, make his whereabouts known to the probation office, and pay the special assessment on time relieved the Government of its obligation to make a positive sentencing recommendation.

Accordingly, we affirm Montgomery's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED*