UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

HASSAAN HAAKIM RASHAAD,
　　　　　*Defendant-Appellant.*

No. 02-4913

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-01-195)

Submitted: July 29, 2003

Decided: September 29, 2003

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Trevor Michael Fuller, THE FULLER LAW FIRM, P.C., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Anne M. Tompkins, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Hassaan Haakim Rashaad appeals his convictions and sentence of life plus eighty-two years following his trial for numerous counts of narcotics, firearms, and robbery-related charges. Having reviewed his claims that the Government lacked probable cause for a wiretap and that the Government breached its immunity agreement with Rashaad, we affirm.

Rashaad first claims that the Government failed to honor an immunity agreement he reached following his arrest on the original indictment. Where a defendant alleges breach of an agreement by the Government, a reviewing court must determine "if the government has in fact agreed to [limit criminal liability], and, if so, whether the defendant has satisfied his contractual obligations." *United States v. Conner*, 930 F.2d 1073, 1075 (4th Cir. 1991). Rashaad failed to satisfy his obligations by escaping custody and by failing to be completely truthful in regard to his involvement in a series of uncharged robberies. *See United States v. Crowell*, 586 F.2d 1020, 1027-28 (4th Cir. 1978). Accordingly, although Rashaad had an agreement with the Government, he was not entitled to enforce it in light of his own breach. We deny this claim.

Rashaad next claims that the district court erred in denying his motion to suppress the evidence obtained from a wiretap. A district court may authorize a wiretap where "there is probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense." 18 U.S.C. § 2518(3)(a) (2000). Our review of the record supports the district court's finding of probable cause to support the issuance of the wiretap order. The government's affidavit in support of its application was exhaustive. The affidavit detailed Rashaad's involvement with his accomplice, Bobby Johnson, Johnson's involvement in a series of local robberies, and Rashaad's surveillance of two banks with Johnson. Accordingly, we deny this claim.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately pre-

sented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*