**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5127**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY XAVIER PADEN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (CR-04-1066)

———————

Submitted:  August 23, 2006          Decided:  November 9, 2006

———————

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Xavier Paden pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000), and was sentenced to 240 months of imprisonment. Paden appeals, asserting that the district court erred in finding that the Government did not breach the plea agreement by failing to move for a downward departure under U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1, p.s. (2004), and to withdraw the notice provided pursuant to 21 U.S.C. § 851 (2000). We affirm.

Paden claims on appeal that the Government refused to honor its obligations under the plea agreement because the Government believed that he breached the plea agreement by lying to law enforcement officers during a murder investigation and by failing a polygraph test. Even if a breach occurred, Paden asserts that it was not material. This court reviews for clear error a district court's decision not to compel the Government to file a § 5K1.1 motion. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991).

Paden's plea agreement clearly stated that the decision whether to move for a departure based on substantial assistance lay within the sole discretion of the Government. The plea agreement

also provided that, if Paden failed a polygraph examination, then the Government's obligation to move for a downward departure under USSG § 5K1.1 would be null and void. Because Paden violated the terms of his plea agreement by failing to pass a polygraph test to the Government's satisfaction, the district court concluded that Paden breached the terms of the plea agreement. Accordingly, the district court refused to compel the Government to file a § 5K1.1 motion. We find that the district court did not clearly err in refusing to compel the Government to move for a downward departure and affirm for the reasons stated by the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED