39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry HENDERSON, a/k/a Black, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry HENDERSON, a/k/a Black, Defendant-Appellant.
 Nos. 93-5479, 93-5480.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1993.
Decided Nov. 1, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CR-92-154-MJG, CR-92-346-MJG).
 Howard L. Cardin, Mark L. Gitomer, CARDIN & GITOMER, P.A., Baltimore, MD, for appellant.
 Lynne A. Battaglia, U.S. Atty., Bonnie S. Greenberg, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Barry Henderson pled guilty to one count of conspiracy to distribute heroin and to possess heroin with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1993), and also pled nolo contendere to one count of conspiring to launder the proceeds of unlawful activity, 18 U.S.C. Sec. 371 (1988), and two counts of money laundering in violation of 18 U.S.C.A. Secs. 1956(a)(1)(B)(i), 2 (West 1969 & Supp.1993).* Henderson appeals his sentence. He contends, first, that he was entitled under his plea agreement to a motion for substantial assistance from the government, and, second, that the district court failed to make the necessary factual findings to support the four-level adjustment he received for having a leadership role in the offense. United States Sentencing Commission, Guidelines Manual, Secs. 5K1.1, 3B1.1 (Nov.1992). We affirm.
 
 
 2
 At the suggestion of his attorney, Henderson's plea agreement provided that the government would request a two-level substantial assistance departure if Henderson were able to facilitate the disposition of all pending criminal charges against two co-defendants, James Rogers and Rodney Rogers, by November 17, 1992, the date Henderson entered his own pleas. Henderson did not succeed in this endeavor; James and Rodney Rogers went to trial and were convicted of the charges against them in May 1993, shortly before Henderson was sentenced. The government did not file a section 5K1.1 motion despite Henderson's assertion that his efforts to persuade James and Rodney Rogers to plead guilty should be enough to earn him a substantial assistance departure, and the district court found that no section 5K.1.1 motion was required.
 
 
 3
 Under United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991), when the government undertakes in a plea agreement to make a section 5K1.1 motion in return for substantial assistance, the sentencing court may compel the government to make a section 5K1.1 motion if the defendant shows by a preponderance of the evidence that he has provided substantial assistance and that the government's failure to make the motion is thus a breach of the plea agreement. The district court's finding in this case that no motion was required of the government encompassed a finding that Henderson had not provided substantial assistance. Because it is manifest here that Henderson did not provide the substantial assistance envisioned in the plea agreement, the district court did not clearly err in so finding.
 
 
 4
 Henderson disputed the probation officer's recommendation that he receive a four-level adjustment for being a leader or organizer in the offense. U.S.S.G. Sec. 3B1.1(a). He maintains on appeal that the district court failed to make a factual finding resolving the issue, and further contends that the evidence was insufficient to support a finding that he was a leader or organizer. Our review of the record discloses that the district court made an explicit finding that Henderson had a leadership role. The court found that Henderson and James Rogers purchased heroin jointly from various suppliers in New York and then distributed the heroin separately. It found that Henderson had an equal leadership role with James Rogers during part if not all of the conspiracy.
 
 
 5
 Before making its finding, the court heard extended testimony from Glenn Gaasche, the Drug Enforcement Administration agent in charge of the investigation. In finding that Henderson solicited people, organized people, and directed people, the court relied principally, however, on the stipulated statement of facts attached to Henderson's plea agreement, and on its memory of taped conversations presented as evidence during the trial of James Rogers. Henderson offered no evidence, but argued that he acted at all times as a subordinate of James Rogers.
 
 
 6
 The stipulated statement of facts (which was incorporated into the presentence report) describes numerous specific instances where Henderson directed others during the course of the conspiracy. A defendant bears the burden of showing that information in the presentence report which he disputes is inaccurate. United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). While Henderson attempted to persuade the district court that the stipulated facts, and the evidence of recorded conversations among the conspirators presented in the Rogers trial, showed Henderson acting as an assistant rather than a leader, we cannot say on the record before us that the district court's factual finding was clearly erroneous.
 
 
 7
 Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The money laundering counts were charged in a separate indictment