61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith MILLER, Defendant-Appellant.
 No. 94-5604.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 22, 1995.
Decided: July 12, 1995.
 
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Asst. Federal Public Defender, Charleston, WV, for appellant. Rebecca A. Betts, U.S. Atty., Michael O. Callaghan, Asst. U.S. Atty., Charleston, WV, for appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Keith Miller appeals the 24-month sentence imposed on him following his guilty plea to conspiracy to possess heroin with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1995). Miller contends that the district court clearly erred in determining that he was responsible for 12.27 grams of heroin, USSG Sec. 2D1.1,[1] and in finding that he had not accepted responsibility. USSG Sec. 3E1.1. We affirm.
 
 
 2
 In late November 1993, Miller sold .034 grams of heroin to a confidential informant. A short time later, Miller traveled from West Virginia to New York in the company of co-defendant Paul Pridemore and the confidential informant. Miller and Pridemore purchased 8 bundles of heroin between them. Each bundle consisted of 10 packets of heroin; the total weight of the 8 bundles was 2.72 grams. On their return to West Virginia, Miller and Pridemore were arrested.
 
 
 3
 Miller almost immediately began to negotiate a plea agreement, and entered a guilty plea in February 1994. Miller's plea agreement specified that the government could inform the probation officer and the district court of any relevant facts, and that the final decision as to his sentence rested with the court. At Miller's Fed.R.Crim.P. 11 hearing, the government attorney assigned to the case estimated that no more than 6 grams of heroin would be attributable to Miller.
 
 
 4
 Nevertheless, in calculating Miller's sentencing guideline range, the probation officer included another 28 bundles of heroin (9.52 grams) which Miller had purchased on two previous trips to New York. This information came from the confidential informant and was apparently corroborated by co-defendant Pridemore. The total amount of heroin recommended as relevant conduct was 12.27 grams. At sentencing, Miller did not seek to withdraw his plea. Nor did he offer evidence to show that the information concerning his involvement with the 28 bundles of heroin was inaccurate. See United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). Instead, he argued that the 28 bundles should not enter into his sentence determination because his guilty plea was made in reliance on the government's representation that the amount of heroin used to determine his sentence would be no more than 5 or 6 grams.
 
 
 5
 Miller's attorney testified at length about the plea negotiations, and said he had been told that the government would not use information obtained from one defendant against the other.[2] However, he acknowledged that he understood the government's estimate of the relevant conduct to be no more than an estimate which was not binding on the United States Attorney's Office. The district court rejected Miller's objection, considered the whole 12.27 grams in determining his guideline range, and sentenced him at the bottom of the guideline range.
 
 
 6
 On appeal, Miller suggests that the district court erred by not enforcing the government's supposed promise of low relevant conduct by disregarding the 28 bundles of heroin he previously purchased. It is true that specific performance may be the appropriate remedy when the government has breached a plea agreement. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991). However, Miller's plea agreement contained no promise concerning relevant conduct or the applicable guideline range, and Miller was informed in the Rule 11 hearing that the guideline range could not be predicted until the presentence report was prepared. Because there was no breach of the plea agreement, and because Miller failed to show that the information in the presentence report was inaccurate, the district court did not clearly err in considering the additional 28 bundles of heroin to determine Miller's guideline range.
 
 
 7
 At the end of December 1993, while Miller was being held at the South Central Regional Jail and was actively seeking to negotiate a plea agreement, a woman brought a pair of tennis shoes to the jail for him. A small amount of marijuana was hidden in the shoes. The woman identified herself as Lynn Miller, provided an address which turned out to be non-existent, and said she was Miller's wife, although Miller is married to Vivian Ann Miller. When Miller was asked about Lynn Miller, he initially said she was his wife, then became angry and refused to identify the person who had brought the shoes.
 
 
 8
 Because of this incident, the district court found that Miller had continued to engage in criminal conduct after his arrest, and denied Miller an adjustment for acceptance of responsibility. See USSG Sec. 3E1.1, comment. (n.1(b)) (voluntary termination of criminal conduct is basis for granting reduction); United States v. Underwood, 970 F.2d 1336, 1339 (4th Cir.1992) (failure to terminate criminal conduct in timely manner is basis for denial).
 
 
 9
 Miller argues that the government did not prove that he arranged for delivery of the marijuana, and contends that the shoes may have been meant for someone else named Miller. Again, Miller failed to provide any factual evidence at sentencing to contradict the account of the incident in the presentence report, which presumed his involvement because of his assertion that Lynn Miller was his wife. The district court was thus justified in accepting the information in the presentence report. Even though the incident occurred before Miller's guilty plea, we cannot say the district court clearly erred in finding that Miller demonstrated a disregard for the law just at the time he was attempting to negotiate a plea agreement, and in so doing showed that he had not accepted responsibility for his criminal conduct.
 
 
 10
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Sentencing was continued and a second attorney was appointed for Miller so that his first attorney could testify