73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anna Mercedes ESTRADA, Defendant-Appellant.
 No. 94-5659.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 25, 1995.
Decided Dec. 7, 1995.
 
 Paul M. McKay, MCKAY & MCKAY, Wheeling, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anna Mercedes Estrada entered a guilty plea to a one-count information charging her with smuggling goods into the United States. 18 U.S.C.A. S 545 (West Supp.1995). She appeals her 30-month sentence on the ground that the government was obligated to move for a downward departure for substantial assistance, USSG S 5K1.1,* and breached its agreement with her by not moving for a departure. Finding no error, we affirm.
 
 
 2
 Anna Estrada and her husband, Ronald Estrada, were arrested in Michigan after they drove a motor home from California, where they had a residence, to Texas, where the motor home was loaded with 160 pounds of marijuana, to West Virginia, where the marijuana was turned over to Carlos Cadessus-Sandez and ultimately was sold by him to Eric Walton. Following their arrest, the Estradas immediately agreed to plead guilty and cooperate in the hope of receiving a substantial assistance departure at sentencing. Anna Estrada's plea agreement did not promise a substantial assistance motion, however, and the accompanying letter which was sent to her attorney emphasized that no motion under section 5K1.1 could be promised.
 
 
 3
 After the Estradas entered guilty pleas, they returned to California where they attempted to assist authorities for several months. However, despite their efforts, no arrests were made, and no prosecutions resulted. At Anna Estrada's sentencing hearing, defense counsel presented evidence of her attempts to provide substantial assistance. The government explained that the motion would not be made because the Estradas had been unable to provide any assistance. Anna Estrada was then sentenced without objection at the bottom of her guideline range.
 
 
 4
 On appeal, Anna Estrada contends that the government was obligated to move for a substantial assistance departure under the plea agreement, or under an implied contract, because her desire to gain a departure was a major reason for her guilty plea and because she substantially performed her part of the bargain. Because she did not contend in the district court that the government had breached its agreement with her, she has forfeited all but plain error review of the issue. Fed.R.Crim.P. 52(b); United States v. Olano, 61 U.S.L.W. 4421 (U.S.1991).
 
 
 5
 Government promises which induce a guilty plea must be fulfilled. Santobello v. New York, 404 U.S. 257, 261 (1971). However, Estrada cannot argue that her plea was induced by a government promise for a substantial assistance motion or that a contract for such a motion existed, whether express or implied, because the plea agreement made clear that the government retained full discretion to decide whether to move for a departure.
 
 
 6
 If the government has promised a motion in return for substantial assistance and fails to move for a departure, the district court may inquire into a possible breach of the plea agreement; this necessarily requires the court to determine whether the defendant has given substantial assistance. United States v. Conner, 930 F.2d 1073, 1076-77 (4th Cir.), cert. denied, 502 U.S. 958 (1991). However, because the government made no promise in Anna Estrada's plea agreement or otherwise, Conner does not apply.
 
 
 7
 Estrada argues that the government's refusal to move for a departure after she did all she could do to cooperate was arbitrary and, therefore, unconstitutional. When there is no promise for a departure, the district court may review the government's failure to move for a departure and grant relief in two circumstances: when the decision not to move for a departure is based on an unconstitutional motive, such as race or religion, and when the decision is not rationally related to a legitimate government objective. Wade v. United States, 504 U.S. 181 (1992). Under Wade, the defendant must make a substantial threshold showing of such a claim. 504 U.S. at 186. Estrada made no showing in the district court that either of these circumstances were present. She relied entirely on evidence of her efforts to provide substantial assistance, which is not a sufficient basis for a district court to compel a section 5K1.1 motion by the government. Wade, 504 U.S. at 187.
 
 
 8
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)