**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                         No. 96-4436

JOHN WESLEY BROOKS, a/k/a Tucker,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-320)

Submitted: March 13, 1997

Decided: March 24, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tara Dawn Shurling, Columbia, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, Cameron G. Chandler, Assis-
tant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Wesley Brooks appeals from his criminal sentence, and we affirm. Brooks alleges that the Government breached his plea agreement by failing to polygraph his co-defendants, whose testimony was used to fix the amount of drugs for which Brooks was responsible. Brooks also contends that his erroneous belief that the Government would polygraph his co-defendants, if he himself was polygraphed, constituted a material mistake justifying specific enforcement of the agreement.

The Government informed Brooks that it was not going to move for a downward departure for substantial assistance because it believed that Brooks had not been completely truthful. Brooks then insisted on a polygraph evaluation, which he failed. A revised presentence report was prepared attributing Brooks with more drugs than discussed in the plea agreement. The factual basis for the new quantity was statements by co-defendants who had not been polygraphed.

Our review of the record reveals that the Government did not breach the plea agreement. The agreement clearly states that Brooks's unsatisfactory performance on a polygraph test would relieve the Government of all obligations under the agreement. The plea agreement neither discussed nor provided for polygraph examinations of co-defendants or anyone else other than Brooks. Thus, we find that Brooks failed to prove the Government's breach. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). In addition, we find that any subjective understanding Brooks had regarding a duty to polygraph his co-defendants was unreasonable in the face of the unambiguous agreement and, therefore, does not entitle Brooks to specific performance of the agreement.

Accordingly, we affirm Brooks's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED