**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4002

RODNEY LEANDA WADE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-95-90)

Submitted: March 17, 1998

Decided: March 30, 1998

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard A. Harpootlian, RICHARD A. HARPOOTLIAN, P.A.,
Columbia, South Carolina, for Appellant. J. Rene Josey, United States
Attorney, Scarlett A. Wilson, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Leanda Wade appeals from his criminal sentence, and we affirm. Wade alleges that the Government breached his plea agreement by failing to request that the court sentence Wade to a term of sixty months imprisonment. He also contends that the district court clearly erred in finding that he had not accepted responsibility for his offense. See U.S. Sentencing Guidelines Manual § 3E1.1 (1995).

Wade pled guilty after several days of trial. In the plea agreement, the Government agreed to cap his sentence at sixty months, provided Wade was fully truthful and forthright with the Government in its drug trafficking investigation. Wade also agreed to submit to a polygraph examination and further agreed that his failure to pass the examination could render the obligations of the Government null and void.

Wade was immediately debriefed in order to utilize his testimony against his co-defendants. When Wade directly contradicted the Government's two cooperating witnesses in his debriefing, the Government was unable to use Wade as a witness against his co-defendants. Wade then failed a polygraph examination concerning questions relating to his offense conduct. In a later statement, Wade admitted that he had lied during his polygraph examination and at his initial debriefing.

At sentencing, the court determined that the sentencing cap was no longer applicable due to Wade's failure to fully cooperate. Wade then objected vigorously to the amount of drugs attributed to him as relevant conduct in the presentence report. A hearing was held at which Wade testified. The district court found that the Government carried its burden of proof on all disputed drug amounts and sentenced Wade to 188 months imprisonment.

2

Our review of the record reveals that the Government did not breach the plea agreement. The agreement clearly states that Wade's dishonesty and/or his unsatisfactory performance on a polygraph test would relieve the Government of all obligations under the agreement. Thus, we find that Wade failed to prove the Government's breach. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991) (to show a breach by the Government, the defendant must demonstrate that he provided the degree of assistance contemplated by the plea agreement). Furthermore, an adjustment for acceptance of responsibility may be denied to a defendant who falsely denies relevant conduct which the district court determines to be true. See USSG § 3E1.1, comment. (n.1(a)). We find that the district court did not clearly err in denying the reduction to Wade on this basis.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in decisional process.

AFFIRMED