**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 97-4672

KAREN BARNETT,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                                       No. 97-4751

VINCENT SCRUGGS, a/k/a Fletcher
Scruggs,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-54)

Submitted: April 28, 1998

Decided: June 30, 1998

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

No. 97-4672 vacated and remanded and No. 97-4751 affirmed by
unpublished per curiam opinion.

_____

**COUNSEL**

David L. Heilberg, LAW OFFICE OF DAVID L. HEILBERG, Charlottesville, Virginia; Michael T. Hemenway, DYGERT & HEMENWAY, Charlottesville, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vincent Scruggs and Karen Barnett both pled guilty to participating in the same conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C. § 846 (1994). Scruggs received a sentence of 108 months imprisonment while Barnett was sentenced to 46 months imprisonment. Both appeal their sentences. Scruggs argues that the district court clearly erred in finding that he was a leader or organizer of the conspiracy, see USSG § 3B1.1(a),[1] and clearly erred in finding that he possessed a firearm during the offense, see USSG § 2D1.1(b)(1). Barnett contends that the district court erred in failing to reduce her offense level under USSG § 2D1.1(b)(4)[2] after finding that she qualified for sentencing under the safety valve provision, see USSG § 5C1.2, and that the district court erred in refusing to conduct an evidentiary hearing into the government's reason for not filing a substantial assistance motion in her case, see USSG § 5K1.1, p.s. We affirm Scruggs' sentence, but vacate Barnett's sentence and remand for resentencing.

_____

[1] **U.S. Sentencing Guidelines Manual** (1995). Appellants were sentenced in July 1997.

[2] This section has been renumbered in the current sentencing manual. USSG § 2D1.1(b)(6) (1997).

From November 1995 until September 1996, Scruggs traveled once or twice a week from Bremo Bluff in Fluvanna County to Richmond, Virginia, where he purchased an ounce of crack cocaine. Scruggs then packaged the crack in quarter-ounce quantities and fronted it to about nine street dealers in Bremo Bluff. During the investigation, confidential informants purchased 57.44 grams of crack from Scruggs and reported that he carried a gun during the transactions. At sentencing, Scruggs disputed the probation officer's recommendations for a four-level leader/organizer adjustment and a two-level enhancement for possession of a firearm. The probation officer testified that he had reviewed the statements of the other conspirators as well as Scruggs' own statement in which he asserted that he associated with no more than three people.[3] The probation officer stated that, while some participants obtained crack from persons other than Scruggs, the trail always "led back to Mr. Scruggs." Defense counsel attacked this evidence as unreliable hearsay, but the district court found that the government had established a basis for the leader adjustment and the firearm enhancement by a preponderance of the evidence. We note that there is no bar to the use of reliable hearsay at sentencing. See United States v. Love, 134 F.3d 595, 607 (4th Cir. 1998). Therefore, we determine that the district court did not clearly err in its conclusions regarding the firearm and leader enhancements, and we affirm Scruggs' sentence.

Barnett was one of Scruggs' customers and also distributed crack. The probation officer recommended that Barnett was responsible for the sale of 8.2 grams of crack to confidential informants, subjecting her to a 60-month mandatory minimum sentence. Her guideline range was 46-57 months. The probation officer also recommended that Barnett qualified for sentencing below the mandatory minimum sentence under the safety valve provision. See 18 U.S.C.A. § 3553(f) (West Supp. 1998); USSG § 5C1.2.

At Barnett's sentencing hearing, the district court agreed that the safety valve provision applied and sentenced her within the guideline range. However, the probation officer neglected to recommend that, if the safety valve provision were applied, Barnett's offense level

_____

[3] A 4-level adjustment is available only if the offense involved 5 or more participants or is otherwise extensive. See USSG § 3B1.1(a).

3

should be reduced by two levels under USSG § 2D1.1(b)(4). Barnett also failed to object to this omission and the court did not make the reduction. Barnett argues on appeal that this oversight requires resentencing.

Because the issue was not raised in the district court, our review is for plain error, see United States v. Olano , 507 U.S. 725, 732 (1993). Barnett must show that an error occurred, that the error was plain, that it affected her substantial rights, and that the error should be corrected because it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732. Applying this test, we conclude that plain error occurred which affected Barnett's sentence.

The reduction under USSG § 2D1.1(b)(4) is required if the defendant meets the five criteria listed in USSG § 5C1.2. The district court found that Barnett met the criteria. Therefore, the failure to apply the mandatory provision was error. Further the error affected Barnett's substantial rights: The court's failure to reduce the offense level from 23 to 21 under subsection (b)(4) resulted in a guideline range of 46-57 months rather than 37-46 months. Although it is possible to be sentenced to 46 months in either sentencing range, it is not clear from the record that the district court would have imposed the same sentence using the correct range. In fact, the record indicates that the district court, because of several mitigating factors in Barnett's personal history, was seeking a sentence at the low end of the range when it selected the 46-month sentence. Therefore, the error seriously affects the fairness of Barnett's sentence and resentencing is necessary. See Olano, 507 U.S. at 732; see also United States v. Ford, 88 F.3d 1350, 1356 (4th Cir. 1996) (sentencing under wrong guidelines range can constitute plain error), cert. denied, 117 S.Ct. 496 (1996). Accordingly, we vacate Barnett's sentence and remand for resentencing. On remand, the district court should reduce her offense level from 23 to 21 and sentence her within the resulting guideline range of 37-46 months.

Barnett next argues on appeal that the district court erred in not holding an evidentiary hearing concerning the government's failure to move for a substantial assistance departure. Although Barnett cooperated with the government after her arrest and detention, the govern-

4

ment did not move for a departure. Barnett's attorney asked the court to inquire into the government's reasons for not making a substantial assistance motion, and suggested that the government had breached the plea agreement, citing United States v. Conner, 930 F.2d 1073 (4th Cir. 1991). The district court found that the plea agreement gave the government full discretion to decide whether to move for a departure and that the agreement thus had not been breached.

In the absence of a government promise to move for a departure under USSG § 5K1.1 in return for substantial assistance, the defendant may obtain review of the government's decision only if the defendant makes a substantial threshold showing that the government's refusal was based on an unconstitutional motive or was not rationally related to a legitimate government purpose. See Wade v. United States, 504 U.S. 181, 186 (1992). Showing that the defendant provided substantial assistance is not sufficient. See id. Barnett made no showing that the government's refusal was based on an unconstitutional motive or not rationally related to a legitimate end. Therefore, we find no error on the part of the district court in refusing to hold an evidentiary hearing on the matter.**4**

For the reasons stated herein, we affirm Scruggs' sentence. We vacate Barnett's sentence and remand for resentencing in accord with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 97-4672 -- <u>VACATED AND REMANDED</u>
No. 97-4751 -- <u>AFFIRMED</u>

_____

**4** Immediately following the sentencing, defense counsel questioned Federal Bureau of Investigation Agent Joe Harmon under oath concerning Barnett's assistance. Harmon testified that, when Barnett made her proffer in October 1996, she was not willing to testify against other conspirators. She later changed her mind about testifying, but her guilty plea came late in the investigation. Moreover, the information she provided was limited and thus not particularly useful.

5