**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4389

TIMOTHY MICHAEL BAKER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William B. Traxler, Jr., District Judge.
(CR-96-820, CR-97-1024)

Submitted: November 17, 1998

Decided: December 15, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Tony Serra, Shari L. Greenberger, SERRA, LICHTER, DAAR,
BUSTAMANTE, MICHAEL & WILSON, San Francisco, California,
for Appellant. J. Rene Josey, United States Attorney, E. Jean Howard,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy Michael Baker appeals his sentence imposed after pleading guilty to one count of conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 846 (1994), and one count of possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) (1994). Baker contends the Government breached the plea agreement by not moving for a downward departure based upon Baker's assistance. Baker also contends the court erred by denying his motion to withdraw his guilty plea. Finding no reversible error, we affirm.

In September 1996, Baker was indicted in the Northern District of California for distribution of methamphetamine. In October 1996, he was indicted in the District of South Carolina for conspiracy to distribute methamphetamine. The California case was transferred to South Carolina.

In an oral plea agreement, Baker agreed to provide complete and truthful information. The Government agreed that if Baker provided substantial assistance, it would move for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1 (1995). The motion for a downward departure would have to come at the recommendation of the United States Attorneys' Offices in the Northern District of California and the District of South Carolina. Baker was debriefed by federal agents on two occasions, once in California and once in South Carolina.

At the plea hearing, the court reviewed the plea agreement. The court informed Baker that it was within the Government's discretion to seek a downward departure and the court had little control over that discretion. Baker was also informed that he faced a possible life sentence. Baker conceded that no one made any promises as to his sentence.

2

Baker subsequently moved for downward departure or in the alternative, a withdrawal of the guilty plea. Baker contended that the Government refused to move for downward departure and that such refusal was arbitrary, in bad faith, and not rationally related to promoting any legitimate government end. Baker claimed that he named his sources, promised to testify before a grand jury and at trial, and would do everything required by the Government in this regard.

The court held a hearing on Baker's motion at which the Government offered the testimony of FBI Agent James Rooney. Rooney testified that Baker did not provide any information concerning persons still active in the drug trade and that he was not aware of any information provided by Baker that was being used in any investigation. The Government therefore asserted that Baker had not provided substantial assistance. The court found that the Government's determination that information provided by Baker was not substantial was reasonable and that the plea agreement was not violated by the Government's refusal to move for a downward departure. The court thus denied Baker's motion.

If the Government uses the possibility of moving for a § 5K1.1 downward departure as an inducement to enter into a plea agreement, the court must determine whether the defendant satisfied his contractual obligations. See United States v. Conner , 930 F.2d 1073, 1075 (4th Cir. 1991). Because this is a factual finding, we review for clear error. See id. at 1076-77. The defendant bears the burden of proving by a preponderance of the evidence that he provided substantial assistance. See id. at 1076.

Under USSG § 5K1.1, the Government may move for a downward departure if the defendant provides substantial assistance in the investigation or prosecution of another person who has committed an offense. Baker contends that he provided truthful, reliable information and was willing to do whatever the Government wanted, including wearing a wire during drug deals or testifying before a grand jury and at trial. However, a defendant who cooperates truthfully and fully is not necessarily providing substantial assistance. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). Furthermore, Baker did not have any evidence that he actually provided substantial assistance in the investigation or prosecution of other persons. He did not testify

3

for the Government before a grand jury or at trial. Nor was there any evidence that his information assisted an ongoing investigation or prosecution. We therefore conclude that the court did not clearly err in finding no violation of the plea agreement.

We also find that the court did not abuse its discretion in denying Baker's motion to withdraw his guilty plea. See United States v. Sparks, 67 F.3d 1145, 1150 (4th Cir. 1995) (court's denial of a defendant's motion to withdraw guilty plea reviewed for abuse of discretion). Baker contends that he should have been permitted to withdraw his guilty plea because he was promised that the Government would move for a downward departure in exchange for his plea. However, at the plea hearing, Baker was informed that a § 5K1.1 motion was within the discretion of the Government. It was also made clear that the § 5K1.1 motion would only be filed if he provided substantial assistance and only at the recommendation of both United States Attorneys' Offices.

A court may permit a defendant to withdraw a guilty plea for "any fair and just reason." See Fed. R. Crim. P. 32(e). A fair and just reason for withdrawing a plea may be one that essentially challenges the fulfillment of a promise or condition emanating from the proceeding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Baker was entitled to a § 5K1.1 motion only if the Government concluded that he provided substantial assistance. Baker fails to demonstrate that he in fact provided substantial assistance; therefore, the Government was not obligated to file a § 5K1.1 motion under the plea agreement. Thus, Baker fails to establish that a promise by the Government was unfulfilled.

Based on the foregoing, we affirm Baker's conviction and sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4