**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence William BYRD, a/k/a**
**Sun, Defendant–Appellant.**

No. 00–4934.

United States Court of Appeals,
Fourth Circuit.

Submitted July 26, 2001.

Decided Aug. 2, 2001.

Modified on Rehearing Oct. 4, 2001.

Barbara L. Hartung, Richmond, VA, for appellant.

Kenneth E. Melson, United States Attorney, Brian R. Hood, Assistant United States Attorney, Richmond, VA, for appellee.

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

## OPINION

PER CURIAM.

Lawrence William Byrd pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841 (West 1999). The district court sentenced Byrd to a 292 month prison sentence to be followed by six years of supervised release. On appeal, Byrd challenges his sentence, arguing that (1) it was based in part on the narcotics involved in the dismissed conspiracy count in violation of the plea agreement; (2) it was based on his statements that were protected from use under the plea agreement; and (3) it was increased based on the unrelated, dismissed transaction involved in the conspiracy count. Finding no breach of the plea agreement and because Byrd waived his right to appeal the sentence, we affirm in part and dismiss in part.

■ We find that, contrary to Byrd's claim, the government made no promises with respect to the use of relevant conduct in determining his sentence. The plea agreement informed Byrd that he would be sentenced according to the Sentencing Guidelines, and there was no stipulation as to the amount of drugs attributable to Byrd or as to a particular sentence. *See United States v. Lambey,* 974 F.2d 1389, 1395 (4th Cir.1992) (upholding the denial of defendant's post-sentencing request to withdraw his plea based on his expectation of a lesser sentence). Rather, pursuant to the agreement, the government dismissed the conspiracy count of the indictment, which would have subjected him to a possible life sentence, instead of the thirty-year maximum that he faced under the § 841 count.*

■ Byrd also contends that his sentence was improperly increased based on his post-plea statements that were protected from use under the plea agreement. However, in determining the amount of drugs attributable to Byrd, the district court relied upon statements by cooperating individuals as to Byrd's involvement in a transaction. The court did not refer to, or rely on, Byrd's protected statements in finding the amount of drugs attributable to him. Because Byrd failed to show that his sentence was increased based on the government's breach of the plea agreement, *see United States v. McQueen,* 108 F.3d 64, 65–66 (4th Cir.1997) (providing standard); *United States v. Conner,* 930 F.2d 1073, 1076 (4th Cir.1991) (providing burden of proof), we affirm this portion of the appeal.

■ In his plea agreement, Byrd waived the right to appeal "any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined)[ ] on any ground

---

* The government had filed an information pursuant to 21 U.S.C.A. § 851 (West 1999), providing notice of Byrd's prior narcotics convictions and the intention of the government to seek an enhanced sentence.

whatever." The district court accepted Byrd's guilty plea at a hearing conducted in accordance with Rule 11 of the Federal Rules of Criminal Procedure. We have reviewed Byrd's plea agreement and the Rule 11 colloquy and find that Byrd knowingly and intelligently waived his right to appeal his sentence, which was within the statutory maximum. *United States v. Broughton Jones,* 71 F.3d 1143, 1146 (4th Cir.1995) (providing standard); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992). Accordingly, we dismiss that portion of Byrd's appeal challenging the inclusion as relevant conduct of the amount of drugs involved in the dismissed count of the indictment and the determination of his offense level and ultimately his sentence based on that amount of drugs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART.*