UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

MARY LEE FAISON,
  *Defendant-Appellant.*

No. 00-4855

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

DAVID MIDDLETON, JR.,
  *Defendant-Appellant.*

No. 00-4875

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-98-455)

Submitted: July 31, 2001

Decided: August 23, 2001

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Coming B. Gibbs, Jr., Charleston, South Carolina; Wells G. Dickson, Jr., Charleston, South Carolina, for Appellants. Scott N. Schools,

United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Mary Lee Faison and David Middleton, Jr., pled guilty to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and conspiring to launder the proceeds of specified unlawful activity, in violation of 18 U.S.C.A. § 1956(a)(1) (West Supp. 2000). They were sentenced to 240 months and 200 months, respectively. On appeal, they maintain that the district court: (1) erred in refusing to order the Government to move for a downward departure; (2) erred in calculating the amount and nature of drugs attributed to each of them at sentencing; (3) erred in refusing to grant them a third point reduction for timely notification of intent to plead guilty under *U. S. Sentencing Guidelines Manual* § 3E1.1(b)(2) (2000); and (4) misapplied the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

When there is no plea agreement or the plea agreement does not obligate the government to move for a departure if the defendant provides substantial assistance, the district court may review the government's decision not to move for a departure only if the government's decision is based on an unconstitutional motive or is not related to a legitimate government purpose. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). If the government promises in the plea agreement that it will move for a departure in the event the defendant provides substantial assistance, and the defendant alleges that the government's refusal to make the motion is a breach of the agreement, the district court may consider whether a breach has occurred. *United States v.*

*Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). The defendant bears the burden of proving by a preponderance of the evidence that the government has breached the agreement, i.e., that he has actually given the degree of substantial assistance contemplated by the agreement. *Id.* The court's factual determination as to whether a breach occurred is reviewed under the clearly erroneous standard. *Id.* In this case, the district court found that under the circumstances the government was within its discretion to find that Appellants had not substantially complied with the plea agreement. We find no clear error in this determination.

Appellants also contend that the district court erred in calculating the amount and nature of drugs attributed to them. This court reviews the district court's calculations concerning the amount of drugs attributable to a defendant for sentencing purposes for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

When the amount of drugs is disputed, the government bears the burden of proving the quantity of drugs attributable to the defendant by a preponderance of the evidence. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). The district court may rely on information in the presentence report unless the defendant affirmatively shows that the information is unreliable. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). If the defendant objects to a quantity recommended in a presentence report, the district court must make an independent resolution of the factual issues raised by the objection. *United States v. Williams*, 152 F.3d 294, 300-01 (4th Cir. 1998). The district court has broad discretion concerning what information to credit in determining drug amount. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996) (citing *United States v. Falesbork*, 5 F.3d 715, 722 (4th Cir. 1993)). A defendant may be held accountable for quantities of drugs attributable to the conspiracy that were reasonably foreseeable and taken within the scope of the conspiratorial agreement. *Gilliam*, 987 F.2d at 1012-13; USSG § 1B1.3(a)(1)(B) & comment (n.2). We have reviewed the record and the transcript of the

sentencing hearing and find no clear error in the nature and amount of drugs attributed to Appellants.

Appellants also argue that the district court erred in not granting them a third point reduction under USSG § 3E1.1(b)(2) for their prompt notification of their intent to plead guilty. A court may reduce by two levels the offense level of a defendant who clearly demonstrates acceptance of responsibility for his offense. USSG § 3E1.1(a). A three-level reduction is available under USSG § 3E1.1(b) to a defendant who (1) timely provides complete information to the government about his own involvement in the offense, or (2) timely notifies the government that he intends to plead guilty, thus saving the government the effort of trial preparation and also saving the court's time. The district court's denial of a reduction under USSG § 3E1.1 cannot be disturbed unless clearly erroneous. *United States v. Cusack*, 901 F.2d 29, 31 (4th Cir. 1990).

In this case, the district court granted the Appellants a two-level reduction for acceptance of responsibility; it did not, however, grant the Appellants a third point reduction for timely notification of intent to plead guilty. We have reviewed the record and find no clear error in the district court's determination that a further point reduction was not warranted under USSG § 3E1.1(b).

Last, we reject Appellants argument that they were sentenced in violation of *Apprendi*. They argue that *Apprendi* requires that in drug prosecution cases, a grand jury must return an indictment specifying the amount of drugs, used by the court, in a factual finding, to determine the relevant guideline, even if the sentence does not exceed the statutory maximum. Appellants' argument is without merit. First, *Apprendi* is not implicated in this case as neither Appellant was sentenced above the statutory maximum. Second, their argument is foreclosed by this court's decision in *United States v. Kinter*, 235 F.3d 192, 199-201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001), in which this court held that the government is not required under *Apprendi* to submit to a jury and prove beyond a reasonable doubt facts underlying sentence enhancements that increase the guideline range but do not increase the statutory maximum sentence. 235 F.3d at 201-02. This court further found that the relevant maximum sen-

tence is the statutory maximum, not the maximum sentence under the guidelines. *Id.* at 201.

We therefore affirm Faison's and Middleton's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*