Panel rehearing granted, rehearing en banc denied,
and opinion modified by order filed 10/4/01

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 00-4934

LAWRENCE WILLIAM BYRD, a/k/a Sun,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-154)

Submitted: July 26, 2001

Decided: August 2, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Barbara L. Hartung, Richmond, Virginia, for Appellant. Kenneth E.
Melson, United States Attorney, Brian R. Hood, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lawrence William Byrd pled guilty to possession with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C.A. § 841 (West 1999). The district court sentenced Byrd to a 292-month prison sentence to be followed by six years of supervised release. On appeal, Byrd challenges his sentence, arguing that (1) it was based in part on the narcotics involved in the dismissed conspiracy count in violation of the plea agreement; (2) it was based on his statements that were protected from use under the plea agreement; and (3) it was increased based on the unrelated, dismissed transaction involved in the conspiracy count. Finding no breach of the plea agreement and because Byrd waived his right to appeal the sentence, we affirm in part and dismiss in part.

We find that, contrary to Byrd's claim, the government made no promises with respect to the use of relevant conduct in determining his sentence. The plea agreement informed Byrd that he would be sentenced according to the Sentencing Guidelines, and there was no stipulation as to the amount of drugs attributable to Byrd or as to a particular sentence. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (upholding the denial of defendant's post-sentencing request to withdraw his plea based on his expectation of a lesser sentence). Rather, pursuant to the agreement, the government dismissed the conspiracy count of the indictment, which would have subjected him to a possible life sentence, instead of the thirty-year maximum that he faced under the § 841 count.*

Byrd also contends that his sentence was improperly increased based on his post-plea statements that were protected from use under the plea agreement. However, in determining the amount of drugs attributable to Byrd, the district court relied upon statements by coop-erating individuals as to Byrd's involvement in a transaction. The court did not refer to, or rely on, Byrd's protected statements in find-

_____

* The government had filed an information pursuant to 21 U.S.C.A. § 851 (West 1999), providing notice of Byrd's prior narcotics convic-tions and the intention of the government to seek an enhanced sentence.

2

ing the amount of drugs attributable to him. Because Byrd failed to show that his statement was increased based on the government's breach of the plea agreement, <u>see United States v. McQueen</u>, 108 F.3d 64, 65-66 (4th Cir. 1997) (providing standard); <u>United States v. Conner</u>, 930 F.2d 1073, 1076 (4th Cir. 1991) (providing burden of proof), we affirm this portion of the appeal.

In his plea agreement, Byrd waived the right to appeal "any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined)[] on any ground whatever." The district court accepted Byrd's guilty plea at a hearing conducted in accordance with Rule 11 of the Federal Rules of Criminal Procedure. We have reviewed Byrd's plea agreement and the Rule 11 colloquy and find that Byrd knowingly and intelligently waived his right to appeal his sentence, which was within the statutory maximum. <u>United States v. Broughton-Jones</u>, 71 F.3d 1143, 1146 (4th Cir. 1995) (providing standard); <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). Accordingly, we dismiss that portion of Byrd's appeal challenging the inclusion as relevant conduct of the amount of drugs involved in the dismissed count of the indictment and the determination of his offense level and ultimately his sentence based on that amount of drugs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; DISMISSED IN PART</u>

3