UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ANGELA GWEN BLAIR,
　　　　　*Defendant-Appellant.*

No. 01-4557

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-00-603)

Submitted: September 30, 2002

Decided: October 18, 2002

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. Rose Mary Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Angela Gwen Blair appeals her conviction entered on her guilty plea to conspiracy with intent to possess more than fifty grams of crack cocaine in violation of 21 U.S.C. § 846 (2000). Blair's counsel noted a timely appeal and filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court had committed reversible error in conducting Blair's Fed. R. Crim. P. 11 hearing. Counsel also advanced several claims of error in the district court's imposition of sentence. The time for filing a supplemental brief has passed and Blair has not responded, despite being advised of her right to do so. Because we find counsel's assignments of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Blair's conviction and sentence.

On appeal, counsel identifies no specific error in the district court's Rule 11 hearing and our review of the record reveals no reversible error. *United States v. Martinez*, 277 F.3d 517, 524, 527 (4th Cir. 2002). The district court substantially complied with the mandates of Rule 11 in accepting Blair's guilty plea and we are able to conclude that the plea was knowingly and voluntarily made. *See id.* At sentencing, there was no clear error in the district court's determination of the drug quantity to be included in the relevant conduct, *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999), or Blair's role in the offense. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). Neither did the district court err in declining to compel the Government to move for a downward departure based on Blair's allegedly substantial assistance. *See United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). Finally, we have no difficulty in deciding that the district court did not err in declining to apply the "safety valve" provision to Blair's sentence. USSG § 5C1.2 (2000); 18 U.S.C. § 3553(f)(1)-(5) (2000).

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-

frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (2000), this court requires that counsel inform his client, in writing, of her right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Blair's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*