**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4293**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JERRY MANUEL WOODS,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (5:05-cr-00004-2)

———————

Submitted: October 31, 2006        Decided:  November 3, 2006

———————

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph M. Lee, Charlotte, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte, North
Carolina, Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY,
Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jerry Manuel Woods pled guilty pursuant to a plea agreement to conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000) ("Count One"), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000) ("Count Four"). The Government filed a 21 U.S.C. § 851 (2000) information, giving notice of its intention to seek enhanced an enhanced penalty on Count One by virtue of a prior felony drug conviction. The district court sentenced Woods to the mandatory minimum punishment on both counts as provided for by statute, ten years' imprisonment on Count One, see 21 U.S.C. § 841(b)(1)(B) (2000), and five years' imprisonment on Count Four. See 18 U.S.C. § 924(c) (2000).

Woods appealed. His counsel has filed a brief pursuant to Anders v. California, 368 U.S. 738 (1967), contending there exist no meritorious issues for appeal but suggesting the district court erred when it refused to compel the Government to move for a downward departure for substantial assistance pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2004). Although notified of his right to do so, Woods did not submit a pro se supplemental brief. The Government declined to file a responsive brief.

We review for clear error the district court's decision not to compel the Government to file a § 5K1.1 motion. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). Woods' plea agreement did not obligate the Government to move for a USSG § 5K1.1 departure even if he provided substantial assistance. There was no evidence that the Government refused to make the motion based on any unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Therefore, the district court did not clearly err in refusing to compel the Government to file a § 5K1.1 motion.

Furthermore, we note Woods was sentenced to the statutory mandatory minimum terms of imprisonment on both counts. Absent an 18 U.S.C. § 3553(e) motion, the district court lacked the authority to sentence Woods below the statutory mandatory minimum sentences. See United States v. Allen, 450 F.3d 565, 568-69 (4th Cir. 2006).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Woods' convictions and sentence. This court requires that counsel inform Woods, in writing, of the right to petition the Supreme Court of the United States for further review. If Woods requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from further representation. Any such motion filed by counsel must state that a copy thereof was

- 3 -

served on Woods.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED